# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JASON ROBERT MYSLIWIEC,

Defendant-Appellant.

FOR PUBLICATION
May 24, 2016
9:05 a.m.

No. 326423
Berrien Circuit Court
LC No. 2014-015686-FH

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

FORT HOOD, J.

Defendant was convicted of criminal contempt, MCL 600.1701(g), for violating a condition of his bond related to a charge of operating a motor vehicle while under the influence of alcohol. He was sentenced to 68 days in jail with credit for 68 days served. He appeals as of right. We affirm.

Defendant argues that violation of his bond condition was not punishable by criminal contempt. We disagree. Issues of statutory interpretation are reviewed de novo. *People v Hartwick*, 498 Mich 192, 209, 215; 870 NW2d 37 (2015). Questions of constitutional law, such as whether a defendant has been denied his right to due process, are also reviewed de novo. *People v Smith*, 498 Mich 466, 475; 870 NW2d 299 (2015).

Contempt of court is defined as a "wilful act, omission, or statement that tends to impair the authority or impede the functioning of a court." *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995). MCL 600.1701 provides statutory authority to punish a person for contempt. It provides, in relevant part, that courts of record "have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in all of the following cases: . . . (g) Parties to actions, attorneys, counselors, and all other persons for disobeying *any lawful order, decree, or process of the court*." (Emphasis added.) Courts also have inherent independent authority to punish a person for contempt. *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 387; 853 NW2d 421 (2014). This power is important in order to preserve the courts' effectiveness and power. *Id*. "[A] party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." *Id*. (citation omitted). To convict a defendant of criminal contempt, the prosecution must prove that the defendant engaged in a willful disregard or disobedience of a court order.

-1-

*DeGeorge v Warheit*, 276 Mich App 587, 592; 741 NW2d 384 (2007). Contempt must be clearly and unequivocally shown. *Id*. "Imprisonment for criminal contempt is appropriate where a defendant does something he was ordered not to do." *In re Contempt of Dudzinski*, 257 Mich App 96, 108; 667 NW2d 68 (2003).

In this case, defendant was charged with contempt of court for violating his bond conditions, which prohibited him from using alcohol. When the court determines that a release on personal recognizance will "not reasonably ensure the appearance of the defendant as required, or will not reasonably ensure the safety of the public . . . the court may order the pretrial release of the defendant on the condition or combination of conditions that the court determines are appropriate[.]" MCR 6.106(D).

Defendant argues on appeal that a defendant may not be held in contempt of court for the violation of bond conditions because they are not court orders. We reject this argument. Under Michigan law, a court's decision in setting bond is a court order. Specifically, a bail decision is an interlocutory order. *People v Edmond*, 81 Mich App 743, 749; 266 NW2d 640 (1978). Further, the plain and ordinary definition of the word "order" clearly encompasses bond conditions.[1] *Black's Law Dictionary* (10th ed) provides that an "order" is "[a] command, direction, or instruction" or "[a] written direction or command delivered by a government official, esp. a court or judge." Bond conditions necessarily "command, direct, or instruct" a defendant. Accordingly, bond conditions are court orders within the term's plain and ordinary meaning.

Here, the trial court ordered that, as a condition of defendant's bond, he may not consume alcohol. The trial judge ordered orally at defendant's arraignment, "[c]onditions of your bond, sir, are as follows: You're not to possess or consume any alcoholic beverage at any time." This was a "command, direction, or instruction" made by the trial court, requiring defendant to refrain from using alcohol. The trial court then issued written mittimuses requiring that defendant have no alcohol.[2] A mittimus is "[a] court order or warrant directing a jailer to detain a person until ordered otherwise." *Black's Law Dictionary* (10th ed). The trial court's mittimusses were court orders. Therefore, defendant's bond condition prohibiting the use of alcohol was a court order punishable by contempt.

Defendant argues that MCL 765.6b's requirement that, where a defendant is released subject to conditions necessary for the protection of named persons, a court must inform defendant that he could be subject to "any other penalties that may be imposed if the defendant is

---

[1] "Where, as here, a statute does not contain internal definitions of terms used in it, we give terms their ordinary meaning. In such instances, it is often helpful to consult dictionary definitions." *People v Peals*, 476 Mich 636, 641; 720 NW2d 196 (2006) (internal citation omitted).

[2] "[A] court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009) (citation omitted).

found in contempt of court" necessarily implies that a defendant may only be found in contempt of court for violating conditions necessary to protect named persons and not for violating other conditions. MCL 765.6b(1). Defendant also cites a bail bond form approved by the State Court Administrative Offices (SCAO), which states:

> 7. I understand that if I violate items 12 or 13 (if conditions of my release), I am subject to arrest without a warrant and may have my bond forfeited or revoked and new conditions of release imposed, in addition to any other penalties that may be imposed if I am found in contempt of court.
>
> * * *
>
> Item 12. Not harass, intimidate, beat, molest, wound, stalk, threaten, or engage in other conduct that would place any of the following persons or a child of any of the following persons in reasonable fear of bodily injury: spouse, former spouse, individual with whom defendant has a child in common, resident or former resident of defendant's household.
>
> Item 13. Not assault, harass, intimidate, beat, molest, wound, or threaten a named person or persons.

Defendant argues on appeal that the SCAO form "demonstrates that under Michigan law, a defendant may be charged with Contempt of Court when violating Personal Protection Orders or Domestic Abuse statutes." According to defendant, bond conditions are not court orders and are thus not punishable by contempt.

Defendant's argument must fail. First, defendant fails to point to any authority supporting that the SCAO form's terms provide a binding interpretation of the law or that the form somehow answers the question posed in this appeal. Next, MCL 765.6b does not provide that a defendant may only be held in contempt of court for violating conditions necessary to protect named persons and not for violating other conditions. MCL 765.6b(1) provides only that a defendant must be notified that a violation of bond conditions imposed to protect named persons could lead to arrest or "any other penalties that may be imposed if the defendant is found in contempt of court." MCL 765.6b, which deals exclusively with conditions imposed to protect named persons, is silent as to whether a defendant is entitled to notification that a violation of other bond conditions could lead to arrest or a contempt charge and whether the violation of other bond conditions are punishable by contempt. Further, MCL 765.6b(10) provides that MCL 765.6b "does not limit the authority of judges or district court magistrates to impose protective or other release conditions under other applicable statutes or court rules."

We also reject defendant's argument that his due process rights were violated because he did not have notice that he could be held in contempt of court for violating his bond conditions. First, defendant's due process claim is not properly presented for review because it is not within the scope of defendant's statement of questions presented. *People v Albers*, 258 Mich App 578, 584; 672 NW2d 336 (2003). Moreover, even if defendant had properly presented his due process claim, his due process rights were not violated. "With regard to criminal statutes, procedural due process is generally satisfied by providing a defendant with reasonable notice of

the charge against him or her and an opportunity to be heard and present a defense." *People v Bosca*, 310 Mich App 1, 74; 871 NW2d 307 (2015). Here, the record is clear that defendant had notice of and a hearing on his contempt charge wherein he was allowed to provide a defense. Additionally, "a statute provides fair notice when it gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited." *People v Gratsch*, 299 Mich App 604, 610; 831 NW2d 462 (2013), vacated in part on other grounds by 495 Mich 876 (2013). MCL 600.1701(g) provides fair notice to afford "a person of ordinary intelligence a reasonable opportunity to know" that he could be held in contempt of court for failing to follow the court's order. *Id.* And, the record supports that defendant's bond conditions were court orders. Therefore, defendant's due process right to notice was not violated when he was found in contempt of court for violating the conditions of his bond.

Next, defendant's argument that the trial court failed to follow the statutory procedures outlined by MCL 764.15e also fails. Under MCL 764.15e, "A peace officer, without a warrant, may arrest and take into custody a defendant whom the peace officer has or receives positive information that another peace officer has reasonable cause to believe is violating or has violated a condition of release imposed under [MCL 765.6b or MCL 780.582a]." Where a defendant is arrested pursuant to MCL 764.15e, a peace officer must prepare a complaint, provide a copy of the complaint to the defendant, court, and prosecutor, and bring the defendant before the court within one business day of the arrest. However, MCL 764.15e does not apply here. MCL 764.15e outlines the procedures required when a defendant is arrested for violating bond conditions imposed under MCL 765.6b or MCL 780.582a. Defendant was arrested for violating a bond condition involving alcohol, which was not imposed under MCL 765.6b or MCL 780.582a. In fact, none of defendant's bond conditions were imposed under MCL 765.6b or MCL 780.582a. Accordingly, MCL 764.15e and its procedural requirements do not apply here.

Finally, we reject defendant's argument that the trial court's refusal to grant defendant bail after his bond violation was a violation of his right to a reasonable bond. MCR 6.106(I)(2) provides, "If the defendant has failed to comply with the conditions of release, the court may issue a warrant for the arrest of the defendant and enter an order revoking the release order and declaring the bail money deposited or the surety bond, if any, forfeited." Here, defendant was ordered to refrain from using alcohol, and he tested positive for alcohol on more than one occasion. Because defendant failed to comply with the conditions of his release, the court properly entered an order revoking his release order. MCR 6.106(I)(2).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly

-4-