# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROGER RAYMOND DIEPENHORST,

        Defendant-Appellant.

UNPUBLISHED
December 13, 2018

No. 340552
Wayne Circuit Court
LC No. 14-011026-03-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAN LARKIN BOZEMAN,

        Defendant-Appellant.

No. 340643
Wayne Circuit Court
LC No. 14-011026-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVEN JOSEPH LEPPER,

        Defendant-Appellant.

No. 340644
Wayne Circuit Court
LC No. 14-011026-02-FC

Before: M. J. KELLY, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

In these consolidated appeals, defendants Roger Diepenhorst, Dan Bozeman, and Steven Lepper each appeal as of right, challenging their sentences imposed by the trial court on

-1-

resentencing, following prior appeals. We vacate defendants' sentences for assault with intent to commit murder, MCL 750.83, and remand for resentencing on those convictions.

Defendants were tried jointly in April 2015 and convicted of various offenses. In May 2015, the trial court sentenced all three defendants. The court sentenced Diepenhorst to prison terms of 200 to 400 months each for two counts of carjacking, MCL 750.529a, 200 to 400 months for one count of assault with intent to commit murder, and two to four years each for two counts of felonious assault, MCL 750.82, all to be served concurrently, but consecutively to a two-year term of imprisonment for a conviction of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The court sentenced Bozeman to prison terms of 200 to 400 months each for two counts of carjacking, 200 to 400 months each for two counts of assault with intent to commit murder, 5 to 10 years for one count of intentional discharge of a firearm at a dwelling, MCL 750.234b, and two to four years each for three counts of felonious assault, all to be served concurrently, but consecutively to a two-year term of imprisonment for one count of felony-firearm. Finally, the court sentenced Lepper to prison terms of 200 to 400 months each for two counts of carjacking, 200 to 400 months each for two counts of assault with intent to commit murder, 5 to 10 years for one count of intentional discharge of a firearm at a dwelling, and two to four years each for three counts of felonious assault, all to be served concurrently, but consecutively to a two-year term of imprisonment for one count of felony-firearm.

All three defendants appealed their convictions and sentences. In the prior appeals, which were consolidated, this Court affirmed each defendant's convictions, but vacated their sentences and remanded for resentencing because of errors in the scoring of the sentencing guidelines for carjacking. *People v Lepper*, unpublished per curiam opinion of the Court of Appeals, issued December 13, 2016 (Docket Nos. 327490, 327604, and 329411), slip op at 7, 9, 11. On remand, the trial court reduced each defendant's carjacking sentences. It resentenced Diepenhorst to reduced prison terms of 160 to 200 months each for his carjacking convictions, and it resentenced Bozeman and Lepper to reduced prison terms of 160 to 400 months each for their carjacking convictions. The court imposed the same sentences that it imposed originally for all three defendants' remaining convictions, expressing its understanding that this Court's remand order only required resentencing for the carjacking convictions. These appeals followed.

On appeal, all three defendants argue that the trial court failed to comply with this Court's prior remand order by resentencing them only for their carjacking convictions and refusing to revisit their sentences for assault with intent to commit murder.[1] We agree. "Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007). Questions of statutory interpretation are also reviewed de novo. *People v Van Tubbergen*, 249 Mich App 354, 360; 642 NW2d 368 (2002).

---

[1] Defendants Diepenhorst and Bozeman do not challenge their other sentences. Defendant Lepper appears to be challenging all his sentences but only makes reasoned arguments concerning the sentences for assault with intent to commit murder and carjacking.

In the prior appeals, this Court held that the trial court erred in its scoring of the sentencing guidelines for defendants' carjacking convictions. *Lepper*, unpub op at 7, 9, 11. Notably, 25 points were assessed for offense variable (OV) 6, MCL 777.36 (intent to kill or injure), for each defendant, but OV 6 should not have been scored for the sentencing offense of carjacking. *Lepper*, unpub op at 7, 9, 11. In addition, the prosecution conceded that only 10 points, rather than 25 points, should have been scored for OV 9, MCL 777.39 (number of victims). *Lepper*, unpub op at 7 n 1, 9, 11. Because these scoring errors affected each defendant's appropriate guidelines range, each defendant was entitled to resentencing. *Id.* at 7, 9, 11. This Court also noted that each defendant sought sentencing relief based on improper judicial fact-finding, as discussed in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *Lepper*, unpub op at 7, 9, 11. Having determined that resentencing was already necessary because of the scoring errors, this Court found it unnecessary to address whether defendants were independently entitled to sentencing relief under *Lockridge*. *Id.* at 7, 9, 11. However, this Court instructed the trial court on remand to resentence defendants in conformity with *Lockridge*. *Id.* In conclusion, this Court stated: "[W]e vacate each defendant's sentences and remand for resentencing." *Id.* at 11.

On remand, the trial court stated that it only intended to resentence defendants for the carjacking convictions and leave the sentences for the remaining convictions as they were. We note that the court issued new judgments of sentence for all three defendants that continued to list each conviction for each defendant, along with an individual sentence for each conviction. Because "[a] court speaks through its written orders and judgments, not through its oral pronouncements," *People v Mysliwiec*, 315 Mich App 414, 418 n 2; 890 NW2d 691 (2016) (quotation marks and citations omitted), the new judgments suggest that the court did in fact "resentence" defendants for each of their convictions. However, because the trial court's statements at the sentencing hearings indicate that it did not feel at liberty to disturb the sentences previously imposed for defendants' convictions aside from the carjacking convictions, resentencing is necessary.

We further conclude that the trial court erred by failing to score the guidelines for the convictions of assault with intent to commit murder.

MCL 771.14(2) provides, in pertinent part:

A presentence investigation report prepared under subsection (1) shall include all of the following:

* * *

(e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, all of the following:

(*i*) For each conviction for which a consecutive sentence is authorized or required, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(*ii*) Unless otherwise provided in subparagraph (*i*), for each crime having the highest crime class, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(*iii*) Unless otherwise provided in subparagraph (*i*), the computation that determines the recommended minimum sentence range for the crime having the highest crime class.

In *People v Lopez*, 305 Mich App 686, 690; 854 NW2d 205 (2014), this Court noted that in *People v Mack*, 265 Mich App 122; 695 NW2d 342 (2005), we held that "the trial court was not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly scored and sentenced the defendant on the conviction with the highest crime classification."[2] However, carjacking and assault with intent to commit murder are both class A crimes against a person. MCL 777.16y (carjacking); MCL 777.16d (assault with intent to commit murder). Although *Lopez* notes that "when sentencing on multiple concurrent convictions, the guidelines d[o] not need to be scored for the lower-crime-class offenses," *Lopez*, 305 Mich App at 691, it does indicate whether the court is required to score the guidelines for different convictions of the same crime classification. Under MCL 771.14(2)(e)(*ii*), the court must score the guidelines "for *each* crime having the highest crime class[.]" (Emphasis added.) *Merriam Webster's Collegiate Dictionary* (11th ed) defines "each" as "being one of two or more distinct individuals[3] having a similar relation and often constituting an aggregate." Thus, under MCL 771.14(2)(e)(*ii*),[4] the guidelines should have been scored for both carjacking and assault with intent to commit murder.

We reject defendant Bozeman's additional argument that, as a matter of law, the trial court could not impose sentences for his convictions of assault with intent to commit murder that were greater than the reduced sentences previously imposed on resentencing for the carjacking convictions, because carjacking and assault with intent to commit murder are both of the same crime class. "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the

---

[2] The Court left open the question, raised in *Mack*, of "whether a sentence for a conviction of the lesser class felony that is not scored under the guidelines pursuant to [MCL 771.14(2)(e)(*ii*) and (*iii*)] could permissibly exceed the sentence imposed on the highest crime class felony and remain proportional." *Lopez*, 305 Mich App at 692, quoting *Mack*, 265 Mich App at 129.

[3] The same dictionary defines "individual," in part, as "a particular being or thing as distinguished from a . . . collection[.]"

[4] In addition, MCL 771.14(2)(e)(*i*) requires a court to score the guidelines "[f]or each conviction for which a consecutive sentence is authorized or required[.]" The carjacking statute, MCL 750.529a(3), provides that "[a] sentence imposed for a violation of this section may be imposed to run consecutively to any other sentence imposed for a conviction that arises out of the same transaction." Even though the trial court decided not to impose consecutive sentences, consecutive sentences were still "authorized" under MCL 750.529a.

offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). It is this principle, not whether different crimes are of the same or different crime classifications, that must guide a trial court's sentencing discretion. See, generally, *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017).

In addition to requesting resentencing for his convictions of assault with intent to commit murder, defendant Lepper raises further challenges to the trial court's scoring of the sentencing guidelines for the offense of carjacking. Specifically, he argues that the trial court erred by assessing 10 points for OV 4, MCL 777.34 (psychological injury to a victim), and by assessing 25 points for OV 13, MCL 777.43 (continuing pattern of criminal behavior). However, because defense counsel expressed her agreement with the scoring of the guidelines at the resentencing hearing, this claim has been waived. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). A waiver extinguishes any error, leaving no error to review. *Id.*

We affirm in part but vacate defendants' sentences for assault with intent to commit murder and remand for resentencing on those convictions, consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien