*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

QUANDRAIKO HAYES,

        Defendant-Appellant.

UNPUBLISHED
January 15, 2019

No. 339563
Wayne Circuit Court
LC No. 17-001771-01-FC

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

Quandraiko Hayes appeals as of right his bench trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, intentional discharge of a firearm in or at a dwelling causing serious impairment, MCL 750.234b(4), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] The trial court sentenced Hayes as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 25 to 40 years each for the AWIGBH and intentional discharge of a firearm convictions and a consecutive two-year term of imprisonment for the felony-firearm conviction, with credit for 127 days served. We affirm.

This case arises from the nonfatal shooting of the victim in the early morning hours of February 7, 2017. The prosecution presented testimony from the victim and his girlfriend. Both witnesses testified that they had been staying with Hayes at his home, but Hayes told them to leave and then retrieved a shotgun. Hayes fired the gun, hitting the victim in the arm. The victim, who the trial court found was reluctant to testify at trial, claimed that the shooting was an accident. The victim's girlfriend denied seeing the shot fired and said she was intoxicated at the

---

[1] The trial court granted defendant's motion for a directed verdict on an additional count of assault with intent to commit murder, MCL 750.83, and found defendant not guilty of carrying a weapon with unlawful intent, MCL 750.226, felonious assault, MCL 750.82, and two additional felony-firearm charges.

time. Hayes testified on his own behalf and claimed that the shooting was accidental. The trial court discredited the testimony indicating that the shooting was accidental and found the testimony offered by the victim's girlfriend unreliable because she was intoxicated. It found beyond a reasonable doubt that Hayes intentionally fired the shotgun at the victim and convicted Hayes of AWIGBH, intentional discharge of a firearm in or at a dwelling causing serious impairment, and felony-firearm. Pursuant to MCL 769.12(1)(a), the trial court sentenced Hayes to mandatory 25-year minimum sentences for the AWIGBH and intentional discharge of a firearm convictions, to be served consecutive to a two-year sentence for the felony-firearm conviction. This appeal followed.

## I. HAYES'S BRIEF ON APPEAL

Hayes raises three issues on appeal in a brief filed by appointed appellate counsel.

## A. SUFFICIENCY OF THE EVIDENCE

First, Hayes argues that there was insufficient evidence to support his convictions. We disagree.

"A claim that the evidence was insufficient to convict a defendant invokes that defendant's constitutional right to due process of law." *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). "We review de novo a challenge to the sufficiency of the evidence in a bench trial, viewing the evidence in the light most favorable to the prosecution and determining whether the trial court could have found the essential elements proved beyond a reasonable doubt." *People v Ventura*, 316 Mich App 671, 678; 894 NW2d 108 (2016). As stated by this Court in *People v Murphy*, 321 Mich App 355, 358-359; 910 NW2d 374 (2017):

> When reviewing a challenge to the sufficiency of the evidence, [a]ll conflicts in the evidence must be resolved in favor of the prosecution, and circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime. It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences. [Quotation marks and citations omitted; alteration in original.]

"The elements of AWIGBH are (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citation omitted). "The intent to do great bodily harm less than murder is an intent to do serious injury of an aggravated nature." *Id*. (quotation marks and citation omitted).

> Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent. Intent to cause serious harm can be inferred from the defendant's actions, including the use of a dangerous weapon or the making of threats. Although actual injury to the victim is not an element of the crime, injuries suffered by the victim may also be indicative of a defendant's intent. [*Id*. at 629 (citations omitted).]

Hayes argues that there was insufficient evidence to support his conviction of AWIGBH because there was no evidence that he intended to cause great bodily harm. Although Hayes and the victim both testified that the shooting was an accident, the trial court disbelieved that testimony. We defer to the trial court's credibility determinations. See *People v Barbee*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 337515); slip op at 6. The evidence at trial was sufficient to enable the trial court to find that the elements of AWIGBH were proven beyond a reasonable doubt. First, the evidence allowed the trial court to find that Hayes attempted with force or violence to do corporal harm to the victim by firing a shotgun at him. See *Stevens*, 306 Mich App at 628. Second, Hayes's intent to do serious injury of an aggravated nature can be inferred from Hayes's requests that the victim and his girlfriend leave, followed by his conduct of obtaining a shotgun and then discharging the gun while it was pointed toward the victim. See *id*. at 628-629. The victim's girlfriend testified that Hayes told them to "get out" while pointing the shotgun at her, which can reasonably be interpreted as a threat. See *id*. at 629. Further, Hayes's intent can be inferred from his use of a dangerous weapon and the victim's injury. See *id*. Hayes's actions after the shooting further support an inference that the shooting was not an accident. Hayes prevented the victim's girlfriend from calling 911, put the shotgun behind a couch in another room, and left the location. The trial court reasonably could have found that these actions were inconsistent with Hayes's claim that the shotgun discharged accidently.

On appeal, Hayes also claims that he acted in self-defense. Hayes did not assert self-defense as a theory at trial. Moreover, a self-defense theory was not supported by the evidence. "A finding that a defendant acted in justifiable self-defense necessarily requires a finding that the defendant acted intentionally, but that the circumstances justified his actions." *People v Guajardo*, 300 Mich App 26, 43; 832 NW2d 409 (2013) (quotation marks and citation omitted). At trial, Hayes testified that he obtained the shotgun in order to scare the victim into leaving because the victim had a look of rage on his face and had previously assaulted Hayes and destroyed Hayes's property. Hayes maintained, however, that he did not intend to shoot the victim. Given Hayes's testimony that he did not act intentionally, his testimony did not support a self-defense theory.

Further, under MCL 780.972(1):

> An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if . . .

> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

In this case, there was ample evidence to discount Hayes's claim of self-defense. Initially, Hayes testified that he obtained the shotgun in order to scare the victim. Thus, Hayes

was engaged in the commission of a crime, felonious assault,[2] and could not justifiably claim self-defense. In addition, although Hayes claimed that the victim moved toward him and, at some point, threatened to take the gun from him, the victim was not armed with a weapon and there is no indication that the victim used deadly force against Hayes. See *Stevens*, 306 Mich App at 630. Hayes's mere expression of fear did not allow a trier of fact to conclude that Hayes's actions were necessary to prevent imminent death or great bodily harm. Thus, there was sufficient evidence to exclude beyond a reasonable doubt any claim of self-defense. See *id*. at 630-631.

Hayes further argues that there was insufficient evidence to sustain his convictions for intentional discharge of a firearm and felony-firearm. However, these additional challenges to the sufficiency of the evidence are outside the scope of the statement of the question presented for review and are, therefore, not properly before this Court. MCR 7.212(C)(5); *People v Mysliwiec*, 315 Mich App 414, 420; 890 NW2d 691 (2016). Even if these arguments had been properly presented, they too lack merit.

MCL 750.234b provides, in relevant part:

> (2) An individual who intentionally discharges a firearm in a facility that he or she knows or has reason to believe is a dwelling or a potentially occupied structure, in reckless disregard for the safety of any individual and whether or not the dwelling or structure is actually occupied at the time the firearm is discharged, is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both.

> * * *

> (4) If an individual violates subsection (1) or (2) and causes the serious impairment of a body function of another individual, the individual is guilty of a felony punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both.

" 'Serious impairment of a body function' means that term as defined in section 58c of the Michigan vehicle code, 1949 PA 300, MCL 257.58c." MCL 750.234b(10)(d). That definition includes loss of use of a hand or finger and loss or substantial impairment of a bodily function. MCL 257.58c(b) and (d). Accordingly, in this case, the elements of the crime of discharge of a firearm in an occupied structure under MCL 750.234b(4) are (1) the intentional discharge of a firearm, (2) in a facility (3) that the defendant knows or has reason to believe is a dwelling or potentially occupied structure, (4) in reckless disregard for the safety of any individual, (5)

---

[2] "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Urban*, 321 Mich App 198, 217; 908 NW2d 564 (2017) (quotation marks and citation omitted).

whether or not the dwelling or structure is actually occupied, and (6) the defendant caused the serious impairment of a body function of another individual.

Hayes only disputes the first element, claiming that there was no evidence that he intentionally discharged the shotgun. For the reasons discussed earlier, the trial court could have reasonably inferred from the evidence that Hayes intentionally discharged the firearm, and the court was free to disbelieve the testimony claiming that the shooting was accidental. The court could have additionally found beyond a reasonable doubt that the intentional discharge occurred in a facility that Hayes knew was occupied because he, the victim, and the victim's girlfriend were staying there. The victim was struck in the left forearm and testified that he required multiple surgeries as a result of the gunshot wound and still lacked feeling in two of his fingers. Thus, the trial court could have also concluded beyond a reasonable doubt that Hayes acted in reckless disregard for the victim's safety and caused serious impairment of a body function. Accordingly, there was sufficient evidence to support Hayes's conviction of intentional discharge of a firearm in a dwelling causing serious impairment.

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Hayes only argues that he was not guilty of any underlying felony. For the reasons discussed above, however, there was sufficient evidence that Hayes committed AWIGBH. Moreover, while Hayes argues that self-defense is a valid defense to a charge of felony-firearm, for the reasons stated above, a self-defense theory was not supported by the evidence.

B. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Hayes argues that his trial counsel was ineffective for failing to call an expert witness and failing to argue self-defense. We disagree.

"Generally, whether a defendant had the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012) (quotation marks and citation omitted). "This Court reviews findings of fact for clear error and questions of law de novo." *Id*. But because Hayes did not raise his claims of ineffective assistance of counsel before the trial court in a motion for a new trial or evidentiary hearing,[3] our "review is limited to mistakes apparent from the record." *Id*. As explained in *Heft*, 299 Mich App at 80-81:

A criminal defendant has the fundamental right to effective assistance of counsel. However, it is the defendant's burden to prove that counsel did not provide effective assistance. To prove that defense counsel was not effective, the

---

[3] We recognize that Hayes filed a motion in this Court seeking remand for the purpose of conducting an evidentiary hearing to supplement the existing record, but this Court denied Hayes's motion. *People v Hayes*, unpublished order of the Court of Appeals, entered April 17, 2018 (Docket No. 339563).

defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant. The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. [Citations omitted.]

Hayes first argues that trial counsel was ineffective for failing to obtain a firearms expert. "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 432; 884 NW2d 297 (2015) (quotation marks and citation omitted).

An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy. A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy. In general, the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense. [*People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009) (quotation marks and citation omitted).]

Hayes argues that an expert "could have aided the defense theory" that the shotgun accidentally discharged. Hayes, however, fails to offer any proof that an expert witness would have testified in a manner favorable to the defense. Accordingly, Hayes has not established the factual predicate for this claim. See *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Therefore, this claim cannot succeed.

Hayes also claims that trial counsel was ineffective for failing to argue a self-defense theory. "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses. A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted). As discussed earlier, a self-defense theory was not supported by Hayes's testimony or the evidence presented at trial. Accordingly, trial counsel was not ineffective for failing to pursue a theory of self-defense.

## C. DUE PROCESS

Lastly, Hayes contends that he is entitled to resentencing because the trial court improperly enhanced his sentences pursuant to MCL 769.12(1)(a), resulting in disproportionate sentences. We disagree.

"In order to preserve an issue for appellate review, it must be raised before and considered by the trial court." *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016). Hayes did not argue below that the imposition of mandatory 25-year minimum sentences pursuant to MCL 769.12(1)(a) violated due process, but raised it for the first time in his motion to remand, which this Court denied. Therefore, this issue is unpreserved. Unpreserved issues are reviewed for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

The trial court imposed mandatory 25-year minimum sentences pursuant to MCL 769.12(1)(a), which provides:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

> (a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

Hayes does not dispute that his current AWIGBH and discharge-in-a-building convictions are serious crimes under MCL 769.12(6)(c). Nor does he dispute that at least one of his prior felony convictions is for a listed prior felony, MCL 769.12(6)(a)(*iii*). Instead, Hayes argues that the trial court's use of a conviction for an offense committed when he was a juvenile[4] to impose 25-year minimum sentences under MCL 769.12(1)(a) violates due process, resulting in cruel and unusual punishment[5] and disproportionate sentences.

"In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *People v Bowling*, 299 Mich App 552, 557-558; 830 NW2d 800 (2013) (quotation marks and citation omitted). "[A] proportionate sentence is not cruel or unusual." *Id*. at 558. A legislatively mandated sentence is presumptively proportionate. *People v Davis*, 250 Mich App 357, 369; 649 NW2d 94 (2002), citing *People v Williams*, 189 Mich App 400, 404; 473 NW2d 727 (1991). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate

---

[4] One of his prior felony convictions was obtained in 1989, when Hayes, who was born in 1973, was 15 years old. The prosecution charged Hayes under the automatic waiver statute then in effect and the court convicted Hayes of a lesser offense. MCL 600.606; *People v Veling*, 443 Mich 23; 504 NW2d 456 (1993); *People v Parrish*, 216 Mich App 178; 549 NW2d 32 (1996).

[5] Hayes initially refers to the Eighth Amendment to the United States Constitution, but then also refers to the Michigan Constitution, Const 1963, art 1, § 16. "[T]he Michigan provision prohibits 'cruel *or* unusual' punishments, while the Eighth Amendment bars only punishments that are both 'cruel *and* unusual.' " *People v Bowling*, 299 Mich App 552, 557 n 3; 830 NW2d 800 (2013) (some quotation marks and citation omitted). "If a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Id*. (quotation marks and citation omitted).

sentence disproportionate." *Bowling*, 299 Mich App at 558 (quotation marks and citation omitted).

In this case, Hayes's 25-year minimum sentences were legislatively mandated. MCL 769.12(1)(a). Therefore, his sentences are presumptively proportionate and not cruel or unusual. See *Bowling*, 299 Mich App at 558; *Davis*, 250 Mich App at 369. Hayes does not present any unusual circumstances that would render these presumptively proportionate sentences disproportionate, see *Bowling*, 299 Mich App at 558, apart from arguing that relying on a conviction for an offense committed when he was a juvenile is improper and violates due process. But MCL 769.12(1)(a) does not prohibit the use of crimes committed when a defendant was a juvenile. Hayes recognizes our Court has already held that a juvenile convicted as an adult, but sentenced as a juvenile, was properly sentenced as a third-offense habitual offender because the statutory language "focuses only on whether a defendant has been convicted[.]" *People v Jones*, 297 Mich App 80, 86; 823 NW2d 312 (2012). Hayes's contention that *Jones* is distinguishable based on the nature of the mandatory sentence involved fails. The statute at issue here is likewise focused on the fact of a prior conviction, not the defendant's age at the time of the prior conviction.

Hayes, however, argues that juveniles must be treated differently than adult offenders, citing *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012) (holding that mandatory life sentences without parole for juvenile offenders are prohibited under the Eighth Amendment), and *Roper v Simmons*, 543 US 551; 125 S Ct 1183; 161 L Ed 2d 1 (2005) (holding that execution of individuals who were under 18 years of age at the time of their capital crimes is prohibited by the Eighth and Fourteenth Amendments). Hayes's reliance on these cases is misplaced because he was not a juvenile when he committed the instant offenses. Rather, he was a 43-year-old adult. Thus, the cited cases regarding the sentencing of juvenile offenders are inapplicable.

Moreover, this Court has held that the 25-year mandatory minimum sentence prescribed by MCL 750.520b(2)(b)[6] does not constitute cruel or unusual punishment as applied to a juvenile offender. See *People v Payne*, 304 Mich App 667, 675; 850 NW2d 601 (2014). This Court concluded that while a minimum sentence of 25 years is substantial, it is not comparable to sentences of death and life without parole. *Id*. A 25-year sentence also "allow[s] for review of an individual defendant's progress toward rehabilitation and provides a meaningful opportunity for release on parole." *Id*. If a juvenile may be permissibly sentenced to a mandatory 25-year minimum sentence, then the imposition of a 25-year mandatory minimum sentence against an adult offender based, in part, on the offender's commission of a crime when he was a juvenile also does not constitute cruel or unusual punishment.

## II. HAYES'S STANDARD 4 BRIEF

---

[6] MCL 750.520b(2)(b) requires a mandatory 25-year minimum sentence for first-degree criminal sexual conduct committed by an individual 17 years of age or older against an individual less than 13 years of age.

Hayes raises two additional issues in a brief filed pursuant to Administrative Order No. 2004-6, Standard 4, 471 Mich c, cii (2004).

## A. INEFFECTIVE ASSISTANCE

Hayes first raises a claim of ineffective assistance of counsel. Because Hayes did not raise his claim in the trial court, we review it for mistakes apparent from the record. *Heft*, 299 Mich App at 80.

Hayes simply states: "Counsel failed to impeach prior inconsistent statement. Prosecution use of perjured statement. Counsel was ineffective and the conviction should be reversed." He makes no attempt to provide legal analysis of this issue or identify the inconsistent or perjured statements to which he refers. As this Court has often explained:

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow. [*People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

Because Hayes has failed to establish the factual predicate for this claim of ineffective assistance of counsel, *Jackson*, 313 Mich App at 432, or adequately brief this issue, *Waclawski*, 286 Mich App at 679, he is not entitled to appellate relief.

## B. SENTENCING

Hayes also alleges that the enhancement of his sentences pursuant to MCL 769.12(1)(a) violated the prohibition against ex post facto laws. Because Hayes did not raise this argument below, it is unpreserved. See *Solloway*, 316 Mich App at 197. We review unpreserved issues for plain error affecting the defendant's substantial rights. *Carines*, 460 Mich at 763-764.

US Const, art I, § 10 states, in relevant part, "No State shall . . . pass any . . . ex post facto Law . . . ."[7] In *People v Patton*, ___ Mich App ___, ___; ___ NW2d___ (2018) (Docket No. 341105); slip op at 7, this Court recently stated:

> There are four categories of ex post facto laws: (1) any law that punishes an act that was innocent when the act was committed, (2) any law that makes an act a more serious criminal offense than when committed, (3) increases the punishment for a crime committed before the law was passed, or (4) any law that allows the prosecution to convict a defendant on less evidence than was required when the act was committed All ex post facto laws share two elements: (1) they

---

[7] Hayes does not rely on the Michigan Constitution.

attach legal consequences to acts before their effective date, and (2) they work to the disadvantage of the defendant. The crucial question in determining whether a law violates the Ex Post Facto Clause is whether the law changes the legal consequences of acts completed before its effective date. [Quotation marks and citations omitted.]

The precise nature of Hayes's argument is difficult to discern, but we nevertheless conclude that MCL 769.12(1)(a), the statute under which Hayes's sentences were enhanced, does not violate the Ex Post Facto Clause. Subsection (1)(a) of MCL 769.12 was added by 2012 PA 319, which became effective on October 1, 2012. There is no indication that the statute was given retroactive effect.

We further reject any argument that the use of Hayes's prior felony convictions to enhance his sentences under MCL 769.12(1)(a) violates the Ex Post Facto Clause even though the prior convictions were obtained before MCL 769.12 was amended in 2012. This Court has concluded that the Ex Post Facto Clause is not violated by the use of convictions obtained before the adoption of a habitual-offender law. See *People v Callon*, 256 Mich App 312, 320-321; 662 NW2d 501 (2003). This is because "it is the second or subsequent offense that is punished, not the first." *People v Palm*, 245 Mich 396, 403; 223 NW 67 (1929) (quotation marks and citation omitted). Accordingly, the use of Hayes's prior felony convictions obtained before the adoption of MCL 769.12(1)(a) to support the imposition of mandatory 25-year minimum sentences for subsequent offenses committed after MCL 769.12 was amended to add Subsection (1)(a) does not violate the Ex Post Facto Clause.

Hayes also argues that only one of his prior felony convictions occurred before the commission of the instant offense. According to the felony information, however, Hayes's prior felony convictions were from 1989, 1991, 1993. Hayes's presentence investigation report (PSIR) confirms the accuracy of these dates. At sentencing, Hayes's trial counsel stated that the PSIR was accurate, and counsel acknowledged that Hayes had four prior felonies and three prior misdemeanors. The offense in this case occurred in 2017. Thus, the record does not support Hayes's contention.

Hayes also complains that he was not aware of the mandatory-minimum law when he committed the prior felonies. However, ignorance of the law is not a defense to a criminal prosecution. *People v Beydoun*, 283 Mich App 314, 334-335; 770 NW2d 54 (2009).

Hayes further argues that there was a gap of 10 years or more between his prior convictions and the instant offenses and, therefore, his prior felonies were not listed on his record when the prosecution filed its notice. In support of this argument, Hayes cites MCL 777.50, which prohibits the use of a conviction more than 10 years old to score prior record variables 1 through 5. However, MCL 769.12(1)(a) has no similar 10-year-gap rule.

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

-10-