*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JEREMY PAUL KOSLAKIEWICZ,

       Defendant-Appellant.

UNPUBLISHED
November 21, 2023

No. 363639
Ionia Circuit Court
LC No. 2022-018505-FH

Before: LETICA, P.J., and BORRELLO and RICK, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his conviction and sentence for aggravated stalking, MCL 750.411i. For the reasons stated herein, we affirm.

## I. FACTUAL BACKGROUND

Defendant was previously convicted of third-degree criminal sexual conduct for an assault against a minor victim. Because of defendant's conviction, the mother of defendant's children, as well as the mother and grandmother of the minor victim, had active personal protection orders (PPOs) against him. Police were dispatched to speak to the victim's grandmother in May 2021 after defendant made multiple attempts to contact the minor victim. Specifically, defendant called both the grandmother and the victim's mother from prison, sent them letters from prison, and had third parties contact the minor victim via Facebook in an effort to obtain her phone number. Evidence was provided to corroborate these accusations, including a Facebook message to the minor victim asking for her phone number, letters addressed to the victim's mother and the minor victim, a screenshot of a declined phone call from defendant, and another Facebook message asking the minor victim to go into "defendant's JPay account and read the e-mails he had saved in

---

[1] *People v Koslakiewicz*, unpublished order of the Court of Appeals, entered December 1, 2022 (Docket No. 363639).

there for the victim." Defendant expressed that he hoped that the victim's mother would allow the minor victim to read the letter and that he would be released from prison in July 2025 or sooner.

Defendant was charged as a fourth-offense habitual offender, MCL 769.12, with three counts of aggravated stalking, MCL 750.411i, and one count of aggravated stalking of a minor, MCL 750.411i(2)(b), as a result of violating the PPOs. Defendant took a plea agreement, under which he agreed to enter a plea of no contest to one count of aggravated stalking in exchange for the dismissal of the remaining charges and the habitual offender notice. At the plea hearing, the trial court acknowledged that there was a *Cobbs*[2] agreement by which the trial court agreed to impose a minimum sentence of 15 months. During the plea hearing, the trial court specifically stated that it was not bound by the sentence agreement if defendant were to "pick up new charges" and that defendant "would not be afforded the opportunity to withdraw [his] plea." The court further explained:

> [E]ssentially, what we're doing is looking at this time between now, after the plea is accepted, and sentencing, much as if you were out on bond. So I am going to be looking at your conduct and behavior, and if there are misconducts between now and sentencing, that could, very much, impact your sentence agreement.

Defendant expressed that he understood. The trial court then stated:

> [I]f you do everything that you're supposed to, and if after I read the full presentence investigation report if I find that I cannot in good conscience abide by the sentence agreement, then I'll give you the opportunity to withdraw your plea, if you've done everything that you're supposed to, and to go to trial on the original charges.

Defendant pleaded to one count of aggravated stalking, per the plea agreement. The remaining charges and the habitual-offender notice were dismissed.

At sentencing, the trial court again made note of the *Cobbs* agreement, and then permitted the minor victim's grandmother to make a victim-impact statement. While the victim's grandmother was giving her statement, defendant began interrupting and becoming combative with her. The trial court admonished defendant. Despite the warning, defendant continued to interrupt the grandmother and specifically told her, "I think you're a joke . . . ." Again, the trial court had to remind defendant to be quiet. Later, the trial court permitted defendant to allocute on his behalf. Defendant began his statements by accusing the prosecutor of lying to various agencies, including the Michigan Department of Corrections, and threatening to submit a grievance to the Attorney Grievance Commission regarding the prosecutor's alleged bad behavior. Defendant also accused the mother of his children of lying under oath. He quipped at the victim's grandmother in an argumentative tone. The trial court directed the grandmother not to converse with defendant, but defendant interrupted the trial court telling the grandmother that she could speak. The statements began to escalate until an unidentified man in the gallery made a comment. At that

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

point, defendant made an aggressive approach toward the victim and the victim's family and was quickly stopped by an officer of the court.

The trial court informed defendant that it was going to hold him in contempt of court. It further stated that "the law is clear that you are entitled to the Cobbs agreement as long as you are—you abide by the directives of this Court, and you have not done that." Relevant to this appeal, the following exchange also occurred:

> *THE COURT*: I do find you in contempt of court.
>
> *THE DEFENDANT*: Okay.
>
> *THE COURT*: And I find that that nullifies the agreement.
>
> *THE DEFENDANT*: Okay.
>
> *THE COURT*: My Cobbs.
>
> *THE DEFENDANT*: Okay. And you did say if you withdrew your Cobbs, I could withdraw my plea. You did say that.
>
> *THE COURT*: No. I did not say that.

Defendant made no further attempts to move to withdraw his plea. While the trial court was delivering defendant's sentence, defendant attempted to walk away from the podium and was directed to come back by the trial court and an officer of the court. The trial court then stated that "the Court does find that, in light of the fact that you are in contempt of court, that I would, essentially, abide by the Killebrew—Cobbs agreement, plus-ninety-three days," sentencing defendant to a total of 18 months to 5 years' imprisonment. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion by denying his request to withdraw his plea after determining that it was not going to abide by the *Cobbs* agreement. We disagree.

This Court reviews a trial court's ruling on a motion to withdraw a plea for an abuse of discretion. *People v Pointer-Bey*, 321 Mich App 609, 615; 909 NW2d 523 (2017). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). Issues regarding the interpretation of the court rules are questions of law that we review de novo. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

At the request of a party, a trial court may evaluate and state on the record the length of sentence that, on the basis of the information then available to it, appears to be appropriate. *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). The trial court's "preliminary evaluation of the case does not bind [its] sentencing discretion," but generally, "a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation . . . has an absolute right to

withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Id*. However, whether a defendant may withdraw a plea *after* the court has accepted it is not absolute. MCR 6.310, which governs plea withdrawals, provides:

> (1) a plea may be withdrawn on the defendant's motion or with the defendant's consent, only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by subrule (C).
>
> (2) the defendant is entitled to withdraw the plea if
>
> (a) the plea involves an agreement for a sentence for a specified term or within a specified range, and the court states that it is unable to follow the agreement; the trial court shall then state the sentence it intends to impose, and provide the defendant the opportunity to affirm or withdraw the plea; or
>
> (b) the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to sentence as stated; the trial court shall provide the defendant the opportunity to affirm or withdraw the plea, but shall not state the sentence it intends to impose; or
>
> (c) a consecutive sentence will be imposed and the defendant was not advised at the time of his or her plea that the law permits or requires consecutive sentencing in his or her case.

MCR 6.310 also indicates that an exception to the general rules regarding plea withdrawal exists where a defendant commits misconduct after the plea is accepted:

> Except as allowed by the trial court for good cause, a defendant is *not entitled to withdraw a plea* under subsection (2)(a) or (2)(b) *if the defendant commits misconduct after the plea is accepted but before sentencing*. For purposes of this rule, *misconduct is defined to include*, but is not limited to: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise *failing to comply with an order of the court pending sentencing*. [MCR 6.310(B)(3) (emphasis added).]

Defendant does not dispute that the trial court had the discretion to deviate from its initial evaluation in light of his behavior at the sentence hearing. See *Cobbs*, 443 Mich at 283. However, defendant argues that once the trial court made the decision to deviate from the *Cobbs* agreement, it was required to allow him an opportunity to withdraw his plea. To the contrary, the prosecutor argues on appeal that defendant waived his right to withdraw his plea by committing misconduct at the sentencing hearing before his sentence was imposed, in accordance with MCR 6.310(B)(3).

Contempt of court is a "willful act, omission, or statement that tends to impair the authority or impede the functioning of a court," *People v Mysliwiec*, 315 Mich App 414, 416; 890 NW2d 691 (2016) (quotation marks and citation omitted), or a neglect or violation of a duty to obey a

court order, *In re Contempt of United States Stationers Supply Co*, 239 Mich App 496, 501; 608 NW2d 105 (2000). Further, criminal contempt is a crime. See *In re Moroun*, 295 Mich App 312, 329; 814 NW2d 319 (2012). It is clear that contempt of court is the type of misconduct capable of nullifying a defendant's opportunity to withdraw his plea under MCR 6.310(B)(3).

The record indicates that before defendant entered his guilty plea, the trial court reminded him that there was an exception to his right to withdraw his plea. The trial court specifically stated that if defendant were to pick up a new charge, or if defendant's "conduct and behavior" qualified as misconduct, then it would impact his sentence. Defendant complied with the *Cobbs* agreement and the warning from the trial court and avoided misconduct for the period between the plea hearing and the sentencing hearing. However, defendant's conduct during sentencing, particularly during the victim-impact statement and allocution, was disruptive, disrespectful, and threatening. The trial court made several demands for defendant to stop talking during the victim-impact statement and to stop interrupting the trial court. Defendant repeatedly ignored the trial court's demands. His behavior escalated from distasteful remarks and interruptions to offensive and confrontational gestures toward the victim and the victim's family that required intervention by officers of the court.

Defendant repeatedly disobeyed several oral court orders from the trial court for the majority of the sentencing hearing. Further, his argument on appeal reflects a misunderstanding of the plea-withdrawal process. Defendant contends that because the trial court informed him that it would not be following the *Cobbs* agreement, he was entitled to withdraw his plea. But MCR 6.310(B)(3) makes it clear that a defendant may not withdraw the plea if the defendant "fail[s] to comply with an order of the court pending sentencing." Defendant repeatedly and willfully defied several directives of the court during the sentencing hearing. This misconduct resulted in him violating the court's orders and being held in contempt of court. His willful and defiant conduct constituted misconduct under MCR 6.310(B)(3). The trial court's conclusion that defendant's actions nullified the *Cobbs* agreement was proper and not error. The court's conclusion that this misbehavior resulted in the waiver of his right to withdraw his plea was also appropriate.

Affirmed.

/s/ Anica Letica
/s/ Stephen L. Borrello
/s/ Michelle M. Rick