PEOPLE v PAYNE

Docket No. 314816. Submitted April 2, 2014, at Detroit. Decided April 8, 2014, at 9:05 a.m. Leave to appeal sought.

Jarrud R. Payne was convicted in the Van Buren Circuit Court of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim less than 13 years old). Defendant was 17½ years old at the time of the offense. The court, Arthur H. Clarke, J., sentenced him to 30 to 50 years in prison. Defendant appealed.

The Court of Appeals *held*:

1. MCL 769.34(2)(a) provides that if a statute mandates a minimum sentence, the sentencing court must impose sentence in accordance with that statute and that imposing a mandatory minimum sentence is not a departure from the sentencing guidelines. Under MCL 750.520b(2)(b), when a defendant who was 17 years of age or older is convicted of CSC-I against a victim who was less than 13 years of age, the defendant shall be punished by imprisonment for life or any term of years, but not less than 25 years. The mandatory minimum in MCL 750.520b(2)(b) is 25 years. Although the statute permits a minimum sentence of greater than 25 years if supported by substantial and compelling reasons, only the flat 25-year minimum term is exempt from the substantial-and-compelling-reasons departure requirement of MCL 769.34(3). In this case, because the upper limit of defendant's minimum-sentence guidelines range was less than the 25-year mandatory minimum, the circuit court had two options: (1) impose a flat 25-year minimum, or (2) impose a minimum sentence of greater than 25 years if supported by substantial and compelling reasons. The circuit court erred by imposing a minimum sentence greater than 25 years without articulating any reasons for the upward departure.

2. The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishments, while Article 1, § 16 of Michigan's 1963 Constitution prohibits cruel or unusual punishment. An offender's age is relevant to the determination whether a sentence constitutes cruel or unusual punishment. Because juveniles have diminished culpability and greater prospects for reform, they are less deserving of the most severe punishments. A

state is not required, however, to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the state must do is give juvenile defendants a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. The 25-year mandatory minimum allows for review of a juvenile's progress toward rehabilitation and provides a meaningful opportunity for release on parole. The 25-year mandatory minimum prescribed by MCL 750.520b(2)(b) is not cruel or unusual when applied to a juvenile offender such as defendant.

Sentence vacated; case remanded for resentencing.

1. SENTENCES — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — VICTIM LESS THAN 13 YEARS OF AGE — SENTENCING GUIDELINES — MANDATORY MINIMUM — DEPARTURES FROM GUIDELINES RECOMMENDATIONS.

Under MCL 750.520b(2)(b), when a defendant who was 17 years of age or older is convicted of first-degree criminal sexual conduct against a victim who was less than 13 years of age, the defendant shall be punished by imprisonment for life or any term of years, but not less than 25 years; although the statute permits a minimum sentence of greater than 25 years if supported by substantial and compelling reasons, only the flat 25-year minimum term is exempt from the substantial-and-compelling-reasons departure requirement of MCL 769.34(3).

2. CONSTITUTIONAL LAW — SENTENCES — CRUEL OR UNUSUAL PUNISHMENT — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — JUVENILE OFFENDERS.

The 25-year mandatory minimum sentence prescribed by MCL 750.520b(2)(b) when a defendant who was 17 years of age or older is convicted of first-degree criminal sexual conduct against a victim who was less than 13 years of age is not cruel or unusual when applied to an offender who was 17$\frac{1}{2}$ years old at the time of the offense.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Michael J. Bedford,* Prosecuting Attorney, and *Michael E. Robie*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Christopher M. Smith*) for defendant.

Before: DONOFRIO, P.J., and CAVANAGH and JANSEN, JJ.

PER CURIAM. A jury convicted defendant of one count of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (victim less than 13 years old), for which he was sentenced to 30 to 50 years in prison. Defendant appeals by right, challenging his sentence on two separate grounds. We vacate defendant's sentence and remand for resentencing consistent with this opinion.

I

Defendant, aged 17½ years at the time of the offense, was charged with CSC-I arising from the alleged penile-anal penetration of the five-year-old victim on June 3, 2012. Although defendant initially denied the allegations against him, he later admitted to officers from the Van Buren County Sheriff's Department that "the five-year-old boy pulled his pants down and that he stuck his penis in the child's butt . . . ."

At trial, the young victim testified that defendant "put his pee-pee in my butt" and "[i]t hurt." The victim testified that, after the incident, he ran away and told his mother and grandmother what had happened. Paul Wahby, M.D., an emergency room physician, testified that his examination of the victim showed "trauma to the peri-anal area and it was fresh." Dr. Wahby further testified, "[T]he degree of trauma I saw was consistent with penetration."

Defense counsel argued that defendant was not guilty by reason of insanity or, in the alternative, guilty but mentally ill. Defense counsel stressed defendant's premature birth, intellectual difficulties, and ongoing treatment for various mental-health disorders. The jurors heard the testimony of defense witness Robert Dempsey, M.D., a psychiatrist with Van Buren County Community Mental Health.

Dr. Dempsey testified that defendant had received treatment for bipolar disorder, oppositional defiant disorder, attention deficit hyperactivity disorder, personality disorder, and Tourette syndrome. Dr. Dempsey agreed with defense counsel that defendant had a "substantial mental illness," and testified that defendant's conditions could cause him to behave impulsively. Dr. Dempsey opined that some of defendant's disorders were inherited and that others were likely caused or exacerbated by his premature birth. On cross-examination, however, Dr. Dempsey admitted that defendant was "able to conform his conduct to the requirements of the law" and "[t]here was nothing to lead me to believe that [defendant] didn't understand his conduct."

As a rebuttal witness, the prosecution called Susan Tremonti, Ph.D., a psychologist from the State Center for Forensic Psychiatry. Dr. Tremonti testified that she had examined defendant prior to trial and had concluded that "[defendant] did not meet the legal criteria for insanity as defined by statute." Dr. Tremonti also concluded that, although defendant appeared to suffer from borderline intellectual functioning, there was no evidence to suggest that he was mentally retarded. With respect to the issue of mental illness, Dr. Tremonti acknowledged defendant's prior diagnoses of bipolar disorder and oppositional defiant disorder. However, she opined that these conditions did not cause defendant to "lack . . . a substantial capacity to appreciate the nature and quality of his behavior" at the time of the offense.

The jury convicted defendant of CSC-I as charged. The jury specifically rejected defendant's arguments that he was not guilty by reason of insanity or guilty but

mentally ill. As noted previously, the circuit court sentenced defendant to 30 to 50 years in prison.

II

Defendant first argues that the circuit court erred by exceeding the mandatory minimum sentence of 25 years without articulating any substantial and compelling reasons for doing so. Therefore, he asserts, he is entitled to resentencing. We agree.

The Legislature has provided that, when a defendant who is 17 years of age or older is convicted of CSC-I against a victim who is less than 13 years of age, the defendant shall be punished "by imprisonment for life or any term of years, but not less than 25 years." MCL 750.520b(2)(b). Defendant argues that this provision establishes a flat 25-year mandatory minimum sentence and that the circuit court was therefore required to articulate substantial and compelling reasons to justify its upward departure in this case. In contrast, the prosecution argues that the statutory provision establishes a mandatory minimum sentence of "not less than 25 years" and that the circuit court was consequently entitled to set defendant's minimum sentence at 30 years without articulating any substantial and compelling reasons.

The prosecution's argument in this regard was implicitly rejected by our Supreme Court in *People v Wilcox*, 486 Mich 60; 781 NW2d 784 (2010). In *Wilcox*, 486 Mich at 62, our Supreme Court examined MCL 750.520f(1), which requires the circuit court to impose "a mandatory minimum sentence of at least 5 years" when a defendant is convicted of a second or subsequent criminal sexual conduct felony offense. The defendant contended that the statute prescribed a mandatory minimum sentence of 5 years and that the circuit court

was required to articulate substantial and compelling reasons before upwardly departing and imposing a minimum sentence of 10 years. *Wilcox*, 486 Mich at 62. In contrast, the prosecution contended that because the defendant's minimum sentence of 10 years was "at least 5 years" within the meaning of the statute, the circuit court was entitled to impose the 10-year minimum without providing any substantial and compelling reasons. *Id.*

Our Supreme Court agreed with the defendant, holding that "the guidelines apply to defendant's sentence and . . . the 'mandatory minimum' sentence in MCL 750.520f(1) is a flat 5-year term." *Wilcox*, 486 Mich at 62. The *Wilcox* Court explained that although the words "at least 5 years" in MCL 750.520f(1) permitted a minimum sentence of greater than 5 years *if supported by substantial and compelling reasons*, only a flat 5-year term qualified as a "mandatory minimum" within the meaning of MCL 769.34(2)(a).[1] *Wilcox*, 486 Mich at 69-70. Therefore, only a flat 5-year minimum was exempt from the substantial-and-compelling-reasons departure requirement of MCL 769.34(3). *Wilcox*, 486 Mich at 70; see also MCL 769.34(2)(a).

Under the reasoning of *Wilcox*, it is clear that the "mandatory minimum" sentence in MCL 750.520b(2)(b) is a flat 25-year term for purposes of MCL 769.34(2)(a), and that any upward departure from this 25-year mandatory minimum must be supported by substantial and compelling reasons. See *Wilcox*, 486 Mich at 62; see also MCL 769.34(3).

---

[1] MCL 769.34(2)(a) provides in relevant part: "If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute. Imposing a mandatory minimum sentence is not a departure under this section."

In the present case, defendant fell within cell C-III on the sentencing grid for Class A felonies, providing for a minimum guidelines range of 81 to 135 months. MCL 777.62. Nonetheless, because defendant was 17 years of age or older and committed CSC-I against a victim less than 13 years of age, the circuit court was required to impose a minimum sentence of at least 25 years. MCL 750.520b(2)(b). Because the upper limit of defendant's minimum- sentence guidelines range (135 months) was less than the 25-year statutory minimum, the circuit court had two options. First, the court could have imposed a flat 25-year minimum without articulating any substantial and compelling reasons. MCL 769.34(2)(a); *Wilcox*, 486 Mich at 70. Alternatively, the court could have imposed a minimum sentence of greater than 25 years if supported by sufficient substantial and compelling reasons. *Id.* But the court chose neither of these two options. Instead, it imposed a minimum sentence of 30 years without articulating any reasons whatsoever for its upward departure. This was error.

We vacate defendant's sentence and remand for resentencing. On remand, the circuit court shall either (1) impose a flat 25-year minimum, or (2) if it again decides to upwardly depart from the 25-year mandatory minimum, articulate substantial and compelling reasons sufficient to justify its departure and the extent thereof. *Wilcox*, 486 Mich at 72. After resentencing, the circuit court shall prepare a new judgment of sentence and transmit a copy to the department of corrections.

III

Because we are remanding this case for resentencing, we must address defendant's second issue on appeal. Defendant argues that the 25-year mandatory mini-

mum of MCL 750.520b(2)(b) constitutes cruel or un-
usual punishment as applied to an offender who was
less than 18 years old at the time of his CSC-I offense.
Relying in part on *Miller v Alabama*, 567 US ___; 132 S
Ct 2455; 183 L Ed 2d 407 (2012), he asserts that
"[r]equiring juveniles to serve a 25-year mandatory
minimum without any sort of individualized consider-
ation violates the Eighth Amendment . . . ." We dis-
agree.

In *People v Benton*, 294 Mich App 191, 203-207; 817
NW2d 599 (2011), this Court determined that the
25-year mandatory minimum prescribed by MCL
750.520b(2)(b) is neither cruel nor unusual when im-
posed for an adult offender.[2] The *Benton* Court observed
that the offense of CSC-I against a child victim is
particularly reprehensible and that the 25-year manda-
tory minimum is not disproportionately harsh when
compared to sentences for similar sexual offenses in
Michigan and other states. *Benton*, 294 Mich App at
205-207.

We acknowledge that "[a]n offender's age is relevant
to the Eighth Amendment," *Graham v Florida*, 560 US
48, 76; 130 S Ct 2011; 176 L Ed 2d 825 (2010), and that
"a sentencing rule permissible for adults may not be so
for children," *Miller*, 567 US at ___; 132 S Ct at 2470.
"[C]hildren are constitutionally different from adults
for purposes of sentencing. Because juveniles have
diminished culpability and greater prospects for re-
form . . . 'they are less deserving of the most severe

---

[2] Whereas the Eighth Amendment of the United States Constitution
prohibits "cruel and unusual punishments," US Const, Am VIII, the
Michigan Constitution prohibits "cruel or unusual punishment," Const
1963, art 1, § 16. See *Benton*, 294 Mich App at 204. "If a punishment
'passes muster under the state constitution,' then it necessarily passes
muster under the federal constitution.' " *Id.*, quoting *People v Nunez*, 242
Mich App 610, 618-619 n 2; 619 NW2d 550 (2000).

punishments.' " *Id*. at ___; 132 S Ct at 2464, quoting *Graham*, 560 US at 68. A 17-year-old offender is considered a juvenile for purposes of the Eighth Amendment, even if he or she is classified as an adult by state law. See, e.g., *Miller*, 567 US at ___; 132 S Ct at 2460; *Roper v Simmons*, 543 US 551, 570-571; 125 S Ct 1183; 161 L Ed 2d 1 (2005); *United States v Marshall*, 736 F3d 492, 498 (CA 6, 2013).

We cannot conclude that the 25-year mandatory minimum prescribed by MCL 750.520b(2)(b) is cruel or unusual when applied to a juvenile offender such as defendant. Although a minimum sentence of 25 years is unquestionably substantial, it is simply not comparable to the sentences of death and life without parole found unconstitutional when applied to juveniles in *Miller*, *Graham*, and *Roper*. Sentences of death and life without parole are the harshest criminal penalties in American law. See *Miller*, 567 US at ___; 132 S Ct at 2466, 2468. Such penalties violate the Eighth Amendment when applied to juvenile offenders because, by their very nature, they preclude any meaningful opportunity for release based on demonstrated maturity or rehabilitation. See *id*. at ___; 132 S Ct at 2466-2469.

By contrast, the 25-year mandatory minimum sentence at issue in this case does allow for review of an individual defendant's progress toward rehabilitation and provides a meaningful opportunity for release on parole. It is simply not the type of mandatory sentence found objectionable in *Miller*. See *Commonwealth v Brown*, 466 Mass 676, 686; 1 NE3d 259 (2013) (noting that "the reasoning of *Miller* does not necessarily extend to mandatory sentences that afford the possibility of release"). For example, a 17-year-old offender who is convicted one year after the offense and sentenced to the mandatory minimum of 25 years will be either 43 or 44 years old at the time of his first parole

eligibility date. See MCL 791.234(1) (noting that, in general, "a prisoner sentenced to an indeterminate sentence and confined in a state correctional facility with a minimum in terms of years . . . is subject to the jurisdiction of the parole board when the prisoner has served a period of time equal to the minimum sentence imposed by the court for the crime of which he or she was convicted"). "A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give [juvenile] defendants . . . some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham*, 560 US at 75. See also *Miller*, 567 US at ___; 132 S Ct at 2469.

The 25-year mandatory minimum sentence prescribed by MCL 750.520b(2)(b) provides "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" for juvenile offenders. *Graham*, 560 US at 75. Therefore, the 25-year mandatory minimum sentence does not violate the Eighth Amendment, US Const, Am VIII, or constitute "cruel or unusual punishment" under the Michigan Constitution, Const 1963, art 1, § 16. See *Miller*, 567 US at ___; 132 S Ct at 2469. See also *Benton*, 294 Mich App at 204.[3]

We vacate defendant's sentence and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

DONOFRIO, P.J., and CAVANAGH and JANSEN, JJ., concurred.

---

[3] Defendant contends that although his chronological age was 17½ years at the time of the offense, he lacked the mental maturity of a 17½-year-old because of his developmental delays, intellectual difficulties, and premature birth. Nevertheless, "[u]nder the Supreme Court's jurisprudence concerning juveniles and the Eighth Amendment, the only type of 'age' that matters is chronological age." *Marshall*, 736 F3d at 498.