# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JARRUD RAYMOND PAYNE,

Defendant-Appellant.

UNPUBLISHED
July 21, 2016

No. 327198
Van Buren Circuit Court
LC No. 12-018294-FC

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Defendant appeals as of right his sentence of 30 to 50 years' imprisonment that was imposed after defendant was resentenced for his conviction of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(a) (penetration involving a person under 13). We affirm.

When the trial court initially sentenced defendant after his conviction of CSC I, it departed upward from the mandatory, statutory minimum sentence of 25 years—see MCL 750.520b(2)(b)—without articulating any substantial and compelling reasons for doing so. On appeal, this Court remanded the case to the trial court for resentencing but did not retain jurisdiction. *People v Payne*, 304 Mich App 667, 673, 676; 850 NW2d 601 (2014). This Court instructed the trial court to "either (1) impose a flat 25-year minimum, or (2) if it again decides to upwardly depart from the 25-year mandatory minimum, articulate substantial and compelling reasons sufficient to justify its departure and the extent thereof." *Id*. On remand, the trial court again upwardly departed and sentenced defendant to 30 to 50 years' imprisonment. In doing so, it articulated reasons that it believed were substantial and compelling. Defendant then filed the instant appeal.

Defendant argues that the trial court's reasons for upwardly departing were not substantial and compelling reasons.

Defendant's guidelines range was 81 to 135 months, but MCL 750.520b(2)(b) mandates a minimum sentence of 25 years (300 months) for the CSC I offense at issue. In *People v Wilcox*, 486 Mich 60, 73; 781 NW2d 784 (2010), the Michigan Supreme Court explained that a sentencing departure occurs when a court imposes a sentence that exceeds "both the applicable guidelines minimum sentence range and the . . . mandatory minimum." Defendant thus received a "departure" sentence.

-1-

The Supreme Court in *Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015), struck down "the requirement of a 'substantial and compelling reason' to depart from the guidelines range in MCL 769.34(3)." The Court stated that "[w]hen a defendant's sentence is calculated using a guidelines minimum sentence range in which [offense variables] have been scored on the basis of facts not admitted by the defendant or found beyond a reasonable doubt by the jury, the sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so." *Lockridge*, 498 Mich at 391-392. The Court further stated that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. The present case, fundamentally, involved a departure from the 25-year minimum sentence required by statute as opposed to a departure from the guidelines range. However, we see no reason for treating this type of departure differently from the type of departure discussed in *Lockridge*, because both involve subjecting the defendant to a longer term of imprisonment than he or she would otherwise receive.

We nevertheless find no reason for a remand under the facts of the present case. The "reasonableness" of a sentence is determined by applying the principle of proportionality as delineated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and its progeny. *People v Steanhouse*, 313 Mich App 1, 48; ___ NW2d ___(2015), lv granted 499 Mich 934 (2016). The *Steanhouse* Court stated that because the trial court in that case "was unaware of, and not expressly bound by, a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing," it would remand the case to the trial court for a *Crosby*[1] sentencing procedure as outlined in *Lockridge*. *Id*.

While the trial court in the present case may not have been expressly bound by a reasonableness standard rooted in *Milbourn* at the time of sentencing, its statements at sentencing clearly and unequivocally encompassed this standard. The court noted the very young age of the victim and the trauma imposed, the inadequacy of the guidelines, the pattern of behavior exhibited by defendant (including while he was in jail), and defendant's inability to conform his behavior to societal requirements. The court, for all intents and purposes, took into account the nature of the offense, the background of the offender, the potential for rehabilitation, and defendant's misconduct while in custody. See *Steanhouse*, 313 Mich App at 45-46. We further note that the court, in imposing sentence, was imposing this same 30- to 50-year sentence for the second time. We conclude that remanding under the circumstances would be nothing but a waste of judicial resources. While it did not use the precise words "principle of proportionality" or "*Milbourn*," the court conformed with the law, and the sentence (involving a departure of five years from the statutory minimum) for the rape of a five-year-old child was reasonable.

---

[1] See *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter