*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

UNPUBLISHED
July 23, 2019

v

No. 343352
Oakland Circuit Court
LC No. 2017-264264-FC

DARIUS CORDELL GORDON,

   Defendant-Appellant.

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

GLEICHER, J. (*concurring in part and dissenting in part*).

   I concur that a departure sentence was warranted in this horrific case. The sentencing court justified its departure from the statutory mandatory minimum sentence by highlighting defendant's stunning lack of remorse, the sheer brutality of his crimes, and the lasting damage he inflicted on his young victims. These reasons support a sentence beyond the 25-year minimum required under MCL 750.520b(2)(b).[1] But despite that the trial court offered a well-reasoned explanation for its decision to depart, it failed to describe any rationale for selecting 40 years as defendant's minimum sentence.

   In determining whether a trial court abused its discretion by imposing a departure sentence, we consider whether the court conformed to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Milbourn* instructs that a court must support not only its decision to depart, but also the extent of the departure. *Id*. at 660. A trial court abuses its discretion "in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed . . . ." *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017). Stated differently, "sentencing courts must justify

---

[1] Citing *People v Payne*, 304 Mich App 667, 672; 850 NW2d 601 (2014), and *People v Wilcox*, 486 Mich 60, 72; 781 NW2d 784 (2010), the majority holds that a minimum sentence constitutes a departure if it exceeds a mandatory minimum, such as the 25-year mandatory minimum applicable here. MCL 750.520b(2)(b), and I agree with the majority's analysis on this point.

the sentence imposed in order to facilitate appellate review." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

*Lockridg*e, its precursors, and its progeny demand that a trial court make an effort to validate an departure sentence by explaining why the sentence selected better fits the crime and the offender than would a sentence within the sentencing guidelines. Here, the guidelines are irrelevant but the underlying principle is the same. In exceeding the 25-year mandatory minimum sentence set by the Legislature, the trial court was obligated to articulate a reason or reasons for adding an additional 15 years to defendant's sentence. The majority concedes that the trial court's explanation for the sentence it imposed lacked clarity: ("The trial court should have expressly acknowledged that it was departing from the minimum sentence guidelines range and the mandatory 25-year minimum sentence and then should have more clearly enunciated the reasons for departure"). Like the majority, I am willing to interpret the trial court's reasoning generously in this regard, and to affirm the legitimacy of a departure. But the fact remains that the trial court neglected to offer any basis for extending defendant's sentence by 15 years. I would remand to permit the trial court to fill this gap.

/s/ Elizabeth L. Gleicher