*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
July 23, 2019

v

No. 343352
Oakland Circuit Court
LC No. 2017-264264-FC

DARIUS CORDELL GORDON,

      Defendant-Appellant.

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration with person under 13 years of age). He was sentenced to concurrent prison terms of 40 to 70 years for the CSC-I convictions. The trial court departed from the minimum sentence guidelines range of 126 to 210 months, exceeding also the mandatory minimum sentence of 25 years' imprisonment under MCL 750.520b(2)(b). On appeal, defendant only raises sentencing issues; he does not challenge his convictions. Defendant argues that the trial court erred in assessing 25 points for offense variables (OVs) 11 and 13 and that his sentences are disproportionate and unreasonable. We affirm.

The female victim, LA, was seven years old at the time of the sexual assaults. Defendant was once a close and dear family friend who at times lived with LA's family and would often care for LA. Before the assaults, defendant was loved and trusted by LA, LA's mother, and other members of LA's family. Indeed, LA referred to defendant as "Uncle Darius." With respect to the first incident, LA testified that defendant exposed his penis, pulled her pants and underwear down, painfully penetrated her vagina with his penis, forced her head down between his legs, and made her lips touch his penis. In regard to the second incident, LA testified that defendant pulled her pants down to her knees and then penetrated her vagina with his penis, more deeply than in the first assault and again causing excruciating pain. After the two sexual assaults, LA experienced stomach pain and often felt horrible. Her mother described a sudden and negative change in her demeanor and personality, and LA sought to avoid defendant's presence. The police interviewed defendant, and defendant told an officer that LA initiated the sexual contact. Defendant, who is 6'4" and 249 pounds, claimed to the police that seven-year-

old LA essentially forced herself on him, engaging in the sexual acts until he stopped LA when he realized what she was doing. Defendant also claimed that he was under the influence of liquor and marijuana at the time of the first incident.[1]

The prosecution also presented other-acts evidence, consisting of the testimony of JB, who asserted that defendant sexually assaulted her from the age of 9 until age 11. The assaults encompassed acts of fellatio and penile-vaginal penetration that took place three to four times a week in the basement of defendant's house. Defendant was a close family friend, and like LA, JB called defendant "Uncle Darius."

Defendant, who was in his forties when the sexual assaults were committed, was convicted of two counts of CSC-I. MCL 750.520b(2)(b) provides that "[f]or a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age[,]" the punishment for CSC-I is "imprisonment for life or any term of years, but not less than 25 years." "If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute[,]" and "[i]mposing a mandatory minimum sentence is not a departure under this section." MCL 769.34(2)(a). In *People v Wilcox*, 486 Mich 60, 72; 781 NW2d 784 (2010), wherein the defendant was given a 10-year minimum sentence, our Supreme Court stated:

> Defendant's applicable guidelines minimum sentence range was 27 to 56 months. Under MCL 750.520f(1), the trial court was required to impose a minimum sentence of "at least 5 years." However, because 5 years is the only truly minimum sentence that is mandatory under MCL 750.520f(1), any minimum sentence exceeding 5 years must fall within the applicable guidelines range. Otherwise, the sentence would not be "a mandatory minimum sentence." It would constitute a departure from the sentencing guidelines, and the court would have to articulate substantial and compelling reasons for the extent of its departure.

And in *People v Payne*, 304 Mich App 667, 672; 850 NW2d 601 (2014), this Court observed that "[u]nder the reasoning of *Wilcox,* it is clear that the 'mandatory minimum' sentence in MCL 750.520b(2)(b) is a flat 25–year term for purposes of MCL 769.34(2)(a), and that any upward

---

[1] In the presentence investigation report (PSIR), defendant gave the following description of the offense:

> "I was under the influence of Liquor and Marijuana (which I know is no excuse), and complainant sat on my lap while playing dominos. She pulled out my penis and started rubbing it on herself. It never went inside her, and as soon as I realized what she was doing I made her stop. I admit I should have told her mother, but I was scared that she wouldn't believe me. The Second inc[i]dent (same girl), she did it again, and this time she tried to put my penis in her mouth. I stopped her again, and told her not to do anything like that again. I didn't tell anyone what happened. I was so scared. And I felt so bad . . . .

departure from this 25–year mandatory minimum must be supported by substantial and compelling reasons."

Of course, the guidelines are now advisory, and there is no longer a need to establish substantial and compelling reasons for a departure. *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015). We believe, however, that *Wilcox* and *Payne* remain relevant on the point that a minimum sentence imposed by a court constitutes a departure if it exceeds a mandatory minimum sentence, such as the 25-year mandatory minimum in MCL 750.520b(2)(b), as well as exceeding the minimum sentence guidelines range. Here, the top end of the guidelines range was 17½ years, but a longer minimum sentence, of at least 25 years, was mandatory under MCL 750.520b(2)(b). Consequently, the required 25-year minimum sentence is the relevant sentence for establishing the existence of a departure and marking the extent of the departure. Even if defendant were correct that OVs 11 and 13 were improperly scored, this would only decrease the minimum sentence guidelines range, which is already lower than the 25-year statutory minimum. Accordingly, reviewing whether the trial court erred in assessing 25 points for OVs 11 and 13 would serve no pertinent or useful purpose. Considering the 25-year statutory minimum sentence, the 40-year minimum sentences imposed by the trial court constituted an upward departure—a departure of 15 years.

We review for reasonableness "[a] sentence that departs from the applicable guidelines range." *Lockridge*, 498 Mich at 392. In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), our Supreme Court provided elaboration on the "reasonableness" standard, stating:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

"A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012). The key test is not whether a sentence departs from or adheres to the guidelines range, but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Trial judges are "entitled to depart from the guidelines if the recommended ranges are considered an inadequate reflection of the proportional seriousness of the matter at hand." *Milbourn*, 435 Mich at 661. A sentence within the guidelines might be disproportionality lenient. *Id.* "Where a defendant's actions are so egregious that standard guidelines scoring methods simply fail to reflect their severity, an upward departure from the guidelines range may be warranted." *People v Granderson*, 212 Mich App 673, 680; 538 NW2d 471 (1995). In *People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017), this Court indicated:

Factors previously considered by Michigan courts under the proportionality standard included, among others, (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [Citations omitted.]

At defendant's sentencing hearing, the trial court expressed that it could not believe the audacity of defendant to continue blaming LA for the sexual assaults, as revealed in defendant's description of the offenses in the PSIR.[2] The court found it incredible that defendant, a grown man, was blaming a child for the sexual abuse. The trial court was critical of defendant's failure to take any responsibility for his actions and for his refusal to show remorse. The court stated, "You never say I intentionally or unintentionally hurt someone and for that I'm sorry." The trial court observed that defendant was supposed to be the caregiver for LA and JB, but instead he stole their youth.

We cannot conclude that the trial court abused its discretion by imposing the 40-year minimum sentences. We hold that the minimum sentences were proportionate to the seriousness of the circumstances surrounding the offense and the offender.

Defendant asserts that he had shown remorse and regret, as reflected in his statements to police and the PSIR, and that the trial court punished defendant for refusing to admit guilt. A sentence cannot be based on a defendant's refusal to admit guilt, *People v Pennington*, 323 Mich App 452, 467; 917 NW2d 720 (2018), but a lack of remorse is a legitimate consideration in determining a sentence, *People v Houston*, 448 Mich 312, 323; 532 NW2d 508 (1995). In the instant case, the trial court spoke of defendant's lack of remorse, and while the court mentioned his failure to take responsibility, we do not view the court's remarks as indicating that the sentences were based on a refusal to admit guilt. The court expected a showing of some remorse, even indicating a willingness to accept a statement of remorse for conduct or harm framed as being "unintentional[]." The "responsibility" comment by the court must be viewed in context—defendant had claimed in statements to the police and then in his PSIR that sexual acts had indeed occurred between himself and LA, but they were instigated by seven-year-old LA. The trial court was essentially commenting on the absolute ridiculousness of defendant's claims and his continuing campaign to blame the young victim. We agree with the trial court's assessment, especially in light of the testimony by JB that defendant sexually penetrated her three to four times a week for a two-year period. This conduct revealed defendant's propensities. See MCL 768.27a. And although defendant had made statements of remorse, the court clearly did not find them to be sincere or genuine claims of remorse.

Defendant complains that the trial court failed to make a record on why a departure was necessary and that the record suggests that the court did not even know it was imposing a departure sentence. There is some merit to defendant's arguments, but resentencing is

---

[2] Defendant chose not to exercise his right of allocution at the sentencing.

unwarranted. The trial court should have expressly acknowledged that it was departing from the minimum sentence guidelines range and the mandatory 25-year minimum sentence and then should have more clearly enunciated the reasons for departure. It is apparent from the record, however, that the trial court was fully cognizant of the guidelines range after discussion of the scoring variables and of the 25-year mandatory minimum, which was referenced at the hearing. Accordingly, the court was clearly aware that the 40-year minimum sentence constituted a departure.

Defendant argues that the trial court failed to articulate reasons for departure not already accounted for in the scoring variables. But there is nothing in the scoring variables that takes into consideration a situation where an adult man accuses a seven-year-old child of sexually assaulting him, laying the blame on the child. This flawed perception by defendant reveals that there is little potential for rehabilitation. The trial court also touched on the fact that defendant was supposed to be a caregiver for LA and JB, but instead he stole their youth and security. As to both young victims, they had come to trust defendant, and he had endeared himself to LA and JB, along with their families. The girls had viewed him as an uncle, and the relationships, which were horribly exploited by defendant, were not considered by the guidelines. *Steanhouse*, 313 Mich App at 46. We also note the extended nature of JB's sexual abuse. In sum, we hold that the trial court did not abuse its discretion by sentencing defendant to 40 to 70 years' imprisonment. The proportionality requirement was satisfied.

We affirm.

/s/ Michael J. Kelly
/s/ Jane E. Markey