*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY JEFFREY VOGEL,

        Defendant-Appellant.

UNPUBLISHED
September 28, 2023

No. 359936
Ogemaw Circuit Court
LC No. 19-005320-FH

Before: SHAPIRO, P.J., and M. J. KELLY and CAMERON, JJ.

SHAPIRO, P.J. (*concurring*).

I concur in affirming defendant's convictions and sentences.[1] I write separately to urge the Supreme Court to reexamine its holding in *People v Watkins*, 491 Mich 450; 818 NW2d 296 (2012), that MCL 768.27a does not violate separation-of-power principles. This holding was supported by the Court's conclusion that, despite the admissibility provided MCL 768.27a, a defendant was still shielded from overly-prejudicial evidence under MRE 403. See *Watkins*, 491 Mich at 481-491. In practice, however, evidence meeting the statutory criteria is rarely, if ever, excluded pursuant to MRE 403. The likely reason is that the fundamental prejudice arising from such evidence is that it constitutes propensity evidence, but per *Watkins*, "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. I also believe that the Supreme Court should review this Court's holding in *People v Payne*, 304 Mich App 667, 676; 850 NW2d 601 (2014), that the 25-year mandatory minimum prescribed by MCL 750.520b(2)(b) does not constitute cruel or unusual punishment as applied to juvenile offenders. The Supreme Court has not yet addressed this issue, and in light of *People v Parks*, 510

---

[1] While I disagree with the majority that defendant's statements to the police denying the accusations were properly excluded, I conclude that any error on this matter was harmless. I agree with the majority opinion in all other respects.

Mich 225; 987 NW2d 161 (2022), mandatory lengthy sentences of minors are of questionable constitutionality.

/s/ Douglas B. Shapiro