*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN DWAYNEANTHONY WILSON,

Defendant-Appellant.

UNPUBLISHED
September 23, 2024
10:22 AM

No. 367635
Oakland Circuit Court
LC No. 2022-281985-FC

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by leave granted the final judgment embodying his jury trial conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b) (sexual penetration with a child under 13 years of age). Defendant was sentenced to 25 to 99 years in prison. We affirm.

This case arises from allegations that, while defendant was babysitting his six-year-old niece KV, he penetrated her orally and anally with his penis and additionally touched her vagina with his fingers. According to KV, these acts occurred while KV was laying on her side in the living room behind the couch and defendant came from behind and penetrated her. According to KV, when defendant penetrated her orally, something yellow came out of defendant's penis.

On appeal, defendant argues that he was denied his constitutional right to the effective assistance of trial counsel because his attorney did not move for a directed verdict after the close of the prosecution's case. Defendant also contends that the state's proofs presented at trial were not sufficient to find him guilty beyond a reasonable doubt. Finally, defendant argues that his sentence to a mandatory minimum of 25 years in prison is unconstitutional as being cruel and/or unusual punishment. We disagree with defendant's arguments.

## I. INSUFFICIENT EVIDENCE

We first address defendant's argument that the evidence produced against him was insufficient to find guilt beyond a reasonable doubt. In particular, defendant argues that KV's testimony was vague and inexact, that the prosecution failed to lay a proper foundation for that testimony, and that the questions asked to KV on direct examination were leading.

-1-

Defendants are not required to take any specific actions to preserve a challenge to the sufficiency of the evidence. *People v Cain*, 238 Mich App 95, 116-117; 605 NW2d 28 (1999). "In examining the sufficiency of the evidence, this Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted).

In determining whether the prosecution has presented sufficient evidence to sustain a conviction, an appellate court "must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Defendant fails to specify or discuss the elements required for a CSC-I conviction. Nevertheless, the elements of CSC-I are: (1) the defendant engaged in sexual penetration, (2) with a person under 13 years of age. MCL 750.520b(1)(a). " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r); *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014).

The evidence presented at trial was sufficient to support a jury conviction beyond a reasonable doubt. KV's testimony alone, detailing when defendant sexually assaulted her and made her perform oral sex on him, was sufficient for the jury to convict defendant. According to KV's mother, after spending time at defendant's home, KV began to complain of pain in her vaginal area and developed sudden behavior issues at home. Furthermore, when interviewed by Trooper Mathew Okaiye, defendant gave inconsistent answers and changed his story a couple of times as the interview continued.[1] Defendant also conceded during the interview that an incident could have happened where he would have seen KV's private areas, but was unsure because some days he would consume pills and alcohol and could not remember anything that happened. However, defendant admitted he could not recall the incident, but admitted that if he saw the sexual acts on video, or if doctors found his DNA in KV's throat, then he would believe it occurred. Viewing this evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Alter*, 255 Mich App 194, 201-202; 659 NW2d 667 (2003).

As to defendant's arguments, we conclude that KV's trial testimony was not vague and inexact. Instead, she testified to the details surrounding the assaults: where they occurred, how she and defendant were positioned when they occurred, what type of assaults occurred, what she was wearing, and what occurred during at least the oral sex she had to perform on defendant. That testimony was specific enough to allow the jury to convict defendant. See *People v Brantley*, 296 Mich App 546, 551-552; 823 NW2d 290 (2012), reversed in part on other grounds by *People v Comer*, 500 Mich 278; 901 NW2d 553 (2017).

---

[1] Defendant gave inconsistent answers, appeared nervous, and changed his story a couple of times during his interview with the trooper.

Defendant argues that the evidence was insufficient for the additional reason that a sexual assault nurse examiner (SANE) did not testify at trial. Testimony of a SANE, though often helpful, is not a mandatory requirement for securing a conviction in every CSC case. See *People v Solloway*, 316 Mich App 174, 182; 891 NW2d 255 (2016). With respect to defendant's argument that the evidence was insufficient because KV was not forensically interviewed until 5 days after the initial police contact, this Court makes credibility choices in support of a jury verdict. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). The jury was free to decide whether the lapse of 5 days diluted KV's credibility, but apparently concluded that it did not.

There was sufficient evidence for the jury to find defendant guilty of CSC-I beyond a reasonable doubt.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that trial counsel should have, in accordance with sound trial strategy, moved the trial court for a directed verdict at the close of the prosecution's proofs, and failing to do so prejudiced defendant which denied him his constitutional right to the effective assistance of trial counsel.

To prevail on an ineffective assistance of counsel argument, a defendant bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of defendant's trial would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 687, 694; 104 S Ct 2052; 80 LEd2d 674 (1984); *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010).

Defendant cannot prevail with this argument because the testimony at trial was sufficient for a rational factfinder to conclude beyond a reasonable doubt that defendant committed CSC-I. Given the conclusion that sufficient evidence existed to support the verdict, defense counsel was not ineffective in failing to file a motion for a directed verdict, as that motion would have been futile. See *People v Brown*, 279 Mich App 116, 142; 755 NW2d 664 (2008) (raising a futile objection or motion is not ineffective as a matter of law). The strategic decision to refrain from pursuing baseless or unwarranted objections or motions is often a reflection of sound legal judgment and professional competence, rather than a deficiency in representation. *Id.*

## III. MANDATORY MINIMUM SENTENCE UNCONSTITUTIONAL

For his last argument, defendant contends that his mandatory minimum sentence of 25 years is unconstitutional as being cruel or unusual. Defendant, who was eighteen years old at the time of the offense, had no prior criminal record. He argues that it is unfair to impose full personal responsibility and moral guilt on youth who are biologically less capable of fully understanding their actions. Such an automatic and harsh punishment, without considering mitigating factors, is excessively cruel. We disagree.

Unpreserved constitutional errors are subject to plain error review, affecting substantial rights. *People v King*, 512 Mich 1, 10; 999 NW2d 670 (2023). To avoid forfeiture of an unpreserved constitutional claim, the defendant must demonstrate three elements: (1) the

occurrence of an error, (2) the error was clear or obvious, and (3) the error affected substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). A plain error is identified when it is "clear or obvious." *Id*. A ruling that contradicts clearly established law constitutes such an error. See *id*. at 770. The burden of proof for plain error rests with defendant. See *People v Anderson*, 341 Mich App 272, 279-280; 989 NW2d 832 (2022). Even if plain error affecting substantial rights is shown, the decision to reverse remains at the Court's discretion and is warranted only if the plain, forfeited error led to the conviction of an innocent defendant or seriously compromised the fairness, integrity, or public reputation of judicial proceedings, regardless of the defendant's innocence. *Carines*, 460 Mich at 763-764.

This Court is bound by *People v Benton*, 294 Mich App 191, 203-207; 817 NW2d 599 (2011), and *People v Payne*, 304 Mich App 667; 850 NW2d 601 (2014), which hold that the 25-year mandatory minimum sentence prescribed by MCL 750.520b(2)(b) does not constitute cruel or unusual punishment under Const 1963, art 1, § 16, even when applied to juvenile offenders. Hence, this Court has already rejected the argument.

Although a 25-year minimum sentence is significant, it is not equivalent to the death penalty or life without parole. The Supreme Court's recent decision in *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022), prohibiting *automatic* life without parole for individuals under 18 years old, does not apply to mandatory minimum sentences that are not life sentences.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

-4-