*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 26, 2019

Plaintiff-Appellee,

v

No. 342463
Wayne Circuit Court
LC No. 17-000951-01-FH

SCOTT ALAN FALKIEWICZ,

Defendant-Appellant.

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree criminal sexual conduct (CSC-II) (victim less than 13 years of age and defendant 17 years of age or older), MCL 750.520c(1)(a), disseminating sexually explicit matter to a child, MCL 722.675, and using a computer while committing the disseminating crime, MCL 752.796. We affirm.

In 1995, defendant was convicted for sexually abusing his stepdaughter, BP, and his niece, KL. Defendant was released from prison for these crimes in 2012. In 2013 or 2014, defendant, who was the uncle of AR and MR, touched AR's buttock and thigh over her clothes on multiple occasions.[1] Defendant also showed pornography to MR on defendant's laptop computer numerous times. At all pertinent times, defendant was over 17 years of age, MR was under 16 years of age, and AR was under 13 years of age. At defendant's trial on the present charges, which related to his conduct directed toward AR and MR, defendant's prior victims were permitted to testify about their past experiences with defendant.

---

[1] For ease of reference, this opinion refers to AR and MR collectively as "the present victims" and to BP and KL collectively as "the previous victims."

# I. OTHER-ACTS EVIDENCE

Defendant argues that the trial court erred by admitting other-acts evidence of his prior criminal sexual conduct convictions at trial. We disagree.

While defendant objected on evidentiary grounds to the admission of the other-acts evidence related to his 1995 convictions for criminal sexual conduct, he did not make any argument that the admission of the evidence violated his right to due process. Thus, the evidentiary issue is preserved, but the constitutional issue is not preserved. See *People v Gaines*, 306 Mich App 289, 306; 856 NW2d 222 (2014); *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).

When properly preserved, this Court "review[s] for an abuse of discretion a trial court's decision to admit or exclude evidence," and reviews any preliminary legal questions of law de novo. *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). Preliminary questions of law require a court to determine "whether a rule of evidence or statute precludes admissibility of the evidence." *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015).

However, we review defendant's unpreserved, constitutional issue for plain error affecting substantial rights. *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015).

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. [*People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).]

And finally, if the three requirements of plain error are met,

> an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*Id.* at 763-764 (quotation marks, citation, and brackets omitted).]

The trial court admitted the testimony of the previous victims under MCL 768.27a. That statute provides that "in a criminal case in which the defendant is accused of committing a listed

offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant."[2] MCL 768.27a "irreconcilably conflicts with" and "prevails over" MRE 404(b), which bars the admission of other-acts evidence offered for the purpose of showing propensity. *People v Watkins*, 491 Mich 450, 496; 818 NW2d 296 (2012). However, "evidence admissible under MCL 768.27a remains subject to MRE 403," *id*., which precludes the admission of relevant evidence if its probative value is substantially outweighed by the danger of, *inter alia*, unfair prejudice, *id*. at 481. In reviewing the trial court's decision for an abuse of discretion under MRE 403, "the appellate court must view the evidence in the light most favorable to its proponent, giving 'the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.' " *People v Head*, 323 Mich App 526, 540; 917 NW2d 752 (2018).

When considering the interplay of MCL 768.27a and MRE 403, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. Thus, "other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*. Further, to the extent that evidence admissible under MCL 768.27a supports a witness's credibility, that fact also weighs in favor of the evidence's probative value. *Id*. at 492. In *Watkins*, 491 Mich at 487-488, our Supreme Court provided a list of factors trial courts may consider when determining whether evidence admissible under MCL 768.27a nevertheless should be excluded under MRE 403:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. This list of considerations is meant to be illustrative rather than exhaustive.

In the instant case, defendant previously had been convicted of two counts of CSC-I (sexual penetration) and five counts of CSC-II (sexual contact).[3] The judgments of sentence for these convictions were admitted into evidence at trial and the previous victims testified at trial. The previous victims testified that defendant, who was BP's stepfather and KL's uncle, repeatedly performed sexual acts, including sexual penetration, on and with them when he was over 17 years old and they were under 13 years of age.[4] The previous victims also testified that defendant showed pornography to them.

---

[2] CSC-I and CSC-II are listed offenses under MCL 768.27a and MCL 28.722. See MCL 768.27a; MCL 28.722(w)(*iv*) and (*v*) (defining CSC-I and CSC-II as "tier III" offenses).

[3] Specifically, defendant was convicted of two counts of CSC-I and two counts of CSC-II for sexually abusing BP. He was also convicted of three counts of CSC-II for sexually abusing KL.

[4] At the time of their trial testimony, BP was 35 years old and KL was 33 years old.

Unlike defendant's conduct with the previous victims, however, he did not perform any acts of sexual penetration on or with the present victims, AR and MR. Defendant, however, did show pornography to MR just as he had in the past with the previous victims. As such, defendant's past conduct regarding the showing of pornography was very similar to the charged conduct involving MR. Defendant's conduct with AR, however, is a different matter. Defendant touched AR's buttocks over her clothes, as he also had done with prior victim BP; but defendant also sexually penetrated BP, which he had not done with AR. Notably, however, evidence of a defendant's prior conduct does not have to be precisely the same to be admissible under MCL 768.27a. Rather, a defendant's prior conduct and the charged offense need only be "of the same general category." *People v Duenaz*, 306 Mich App 85, 101; 854 NW2d 531 (2014) (quotation marks and citation omitted). Differing degrees of sexual assaults, and even attempted sexual assaults, are offenses of the same general category as each other. See *id*. (holding that the defendant's prior act of "attempted molestation" was of the same general category as CSC-I and CSC-II). Furthermore, defendant had a familial relationship with the present victims as well as with the previous victims. Consequently, the aspects of dissimilarity of defendant's sexual abuse of the previous victims when compared to his conduct with AR did not outweigh the probative value of defendant's prior convictions and the previous victims' testimony.

About 20 years separated defendant's prior criminal sexual conduct convictions from his conduct in this case. Defendant was released from prison for those convictions on June 1, 2012, and touched AR's thigh and buttocks shortly thereafter in 2013 or 2014. Defendant also showed MR pornography in 2013 or 2014. As a result, the temporal proximity of defendant's crimes does not weigh against their admissibility because defendant resumed his unlawful conduct with minors shortly after he had been released from prison when he thus was in a position to resume such activity.

Furthermore, none of the other factors established in *Watkins*, 491 Mich at 487-488, weighs against the admissibility of the other-acts evidence in this case. Defendant repeatedly sexually abused the previous victims; consequently, there are no issues regarding the frequency of the previous conduct. In addition, defendant was convicted of the crimes involving the previous victims, so there are no reliability issues as to those offenses. Similarly, the record does not contain any intervening acts that would weigh against admissibility of the other-acts evidence. Finally, the testimony of the prior victims, and the fact that defendant was convicted of offenses involving them, bolstered the credibility of the current victims. See *Watkins*, 491 Mich at 482. Contrary to defendant's argument on appeal, this factor weighs in favor of admitting the testimony of the previous victims, not against the admission of their testimony. See *id*. Defendant has not addressed any other potential factors that would lead to the exclusion of the other-acts evidence in this case.

Therefore, the evidence of defendant's prior convictions and the testimony of the previous victims were admissible under MCL 768.27a[5] and was not unduly prejudicial under

---

[5] Additionally, MRE 803(22) exempts from the hearsay rule "[e]vidence of a final judgment, entered after a trial or upon a plea of guilty . . . adjudging a person guilty of a crime punishable

MRE 403. As a result, the trial court did not err by permitting the previous victims to testify about when and how defendant sexually abused them or by admitting defendant's prior convictions into evidence. Furthermore, because the other-acts evidence was properly admitted, defendant cannot show that he was denied his right to a fair trial. See *Duenaz*, 306 Mich App at 85 (holding that because other-acts evidence was properly admitted under MCL 768.27a and MRE 403, the defendant was not denied his due-process right to a fair trial).

## II. SCOPE OF CROSS-EXAMINATION

Defendant argues that the trial court erred by preventing defendant from impeaching BP's credibility. We agree that the trial court abused its discretion but hold that the trial court's error was harmless. Defendant also contends that the restriction on his cross-examination of the prior victims violated his constitutional right to confront witnesses and his due-process right to present a defense. We hold that defendant's right to present a defense was not violated and that defendant was not prejudiced by the restriction of his right to confront the previous victims. We first address defendant's evidentiary argument that the trial court prevented him from impeaching the credibility of the previous victims, followed by his constitutional arguments.

To preserve an issue regarding a trial court's evidentiary ruling, a defendant must raise that particular issue in the trial court and raise the same basis for objection on appeal. *Gaines*, 306 Mich App at 306. At trial, defendant argued that he should have been permitted to impeach BP's testimony through prior inconsistent statements from her testimony in defendant's 1995 trial. The trial court disagreed because it viewed defendant's line of questioning as an attempt to improperly impeach defendant's 1995 conviction. Thus, defendant's argument that he should have been permitted to cross-examine BP about her prior inconsistent statement is preserved. However, defendant did not argue at trial that the court's ruling deprived him of due process. As such, the constitutional aspect of this issue is unpreserved. See *Metamora Water Serv*, 276 Mich App at 382.

As discussed earlier, preserved evidentiary issues are reviewed for an abuse of discretion, *Mann*, 288 Mich App at 117, and unpreserved issues are reviewed for plain error affecting substantial rights, *Cain*, 498 Mich at 116.

While the Confrontation Clause establishes that a defendant has the right to cross-examine witnesses, *People v Buie*, 285 Mich App 401, 408; 775 NW2d 817 (2009), a defendant does not have an unlimited right to cross-examine a witness on any subject, *People v Canter*, 197 Mich App 550, 564; 496 NW2d 336 (1992). "Cross-examination may be denied with respect to collateral matters bearing only on general credibility, as well as on irrelevant issues." *Id*. (citations omitted). However, "[a] limitation on cross-examination that prevents a defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a

---

by death or imprisonment in excess of one year." Thus, defendant's 1995 convictions were not barred by hearsay.

prosecution witness might be inferred constitutes denial of the constitutional right of confrontation." *People v Kelly*, 231 Mich App 627, 644; 588 NW2d 480 (1998).

The trial court prevented defense counsel from impeaching BP on cross-examination with her prior statements. Defense counsel attempted to ask BP about what she told individuals before defendant's 1995 trial regarding defendant's sexual abuse of her. The trial court, however, prevented counsel from asking these questions because it interpreted the questions as an attempt to impermissibly impeach defendant's 1995 convictions. Defense counsel repeatedly stated that he was attempting to impeach BP's credibility, but the court prevented him from attempting to do so. The trial court made an error of law by preventing defense counsel from impeaching BP's credibility because, under the Confrontation Clause, a defendant has the right to test the truthfulness of a witness's testimony. See *Wood*, 326 Mich App at 589.

However, reversal is not automatic. "[V]iolations of the right to adequate cross-examination are subject to a harmless-error analysis." *Kelly*, 231 Mich App at 644.

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of . . . the improper admission or rejection of evidence . . . unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. [MCL 769.26.]

Whether a preserved nonconstitutional error, like the scope of cross-examination here, is harmless depends upon the nature of the error and its effect on the reliability of the verdict in light of the weight of the untainted evidence. *People v Whittaker*, 465 Mich 422, 427; 635 NW2d 687 (2001). "[T]he defendant has the burden to demonstrate that a preserved, nonconstitutional error resulted in a miscarriage of justice." *People v Hawthorne*, 474 Mich 174, 181; 713 NW2d 724 (2006). Such an error need not be harmless beyond a reasonable doubt, *People v Mateo*, 453 Mich 203, 216; 551 NW2d 891 (1996), and is only grounds for reversal if it is more probable than not that the error was outcome determinative, *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009); *Lukity*, 460 Mich at 495-496. An error is outcome determinative if it undermines the reliability of the verdict. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010).

As already noted, the trial court impermissibly prevented defense counsel from attacking BP's credibility as a trial witness. However, there is not a reasonable probability that the jury would have come to a different conclusion had defense counsel been given the opportunity to impeach BP's credibility, as BP did not provide the only testimony of defendant's past sexual misconduct. In particular, the defendant's conviction for sexually assaulting BP was admitted into evidence. In addition, KL testified that defendant sexually abused her and BP, leading to the 1995 convictions.

Furthermore, in regard to defendant's conduct with the present victims, AR testified that defendant touched her bottom and rubbed her thigh over her clothing, and MR testified that defendant showed him pornography. Notably, the previous victims' testimony was uncontradicted. Thus, the limitation of BP's testimony did not undermine the reliability of the

verdict, and the trial court's error of preventing defendant from challenging BP's credibility was harmless.

Defendant additionally argues that his Constitutional rights were violated when the trial court limited his cross-examination of BP. While defendant's right to confront BP was violated, as already discussed, defendant cannot show that this limitation of his right to confront BP prejudiced him, i.e., affected the outcome of the trial, which is a necessary requirement under the plain-error analysis. See *Carines*, 460 Mich at 763.

## III. PROPORTIONALITY OF SENTENCE

The trial court sentenced defendant as a fourth-offense habitual offender to a minimum term of imprisonment of 35 years for his CSC-II conviction. Defendant argues that this sentence violates the principle of proportionality. We disagree.

We review the proportionality of a defendant's sentence for an abuse of discretion. *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017). "A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *People v Lowery*, 258 Mich App 167, 172; 673 NW2d 107 (2003).

Although the sentencing guidelines are now advisory, instead of being mandatory, see *People v Lockridge*, 498 Mich 358, 365, 399; 870 NW2d 502 (2015), a sentencing court nevertheless *must* consult the guidelines when imposing a sentence, *id.* at 391. See also *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017) (*Steanhouse II*) (stating that although the guidelines are now advisory, they remain a highly relevant consideration in a trial court's exercise of sentencing discretion and must be consulted and taken into account when imposing a sentence).

Michigan courts have held that a judge who decides to impose a sentence in excess of the guidelines range "must ' "justify the sentence imposed in order to facilitate appellate review." ' " *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017), quoting *Steanhouse II*, 500 Mich at 470, quoting *Lockridge*, 498 Mich at 392. In doing so, a court is to "include[] an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted).

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. [*Id.* (quotation marks and citations omitted.]

At sentencing, defendant's total offense variable score of 40 points and his prior record variable score of 95 points resulted in a minimum sentencing guidelines range of 50 to 200 months. However, because defendant was a fourth-offense habitual offender, he was subject to a 25-year mandatory minimum sentence under MCL 769.12(1)(a). When this 25-year mandatory minimum sentence is greater than the calculated guidelines range, as is the case here, the 25-year

term is considered the de facto pertinent guidelines range, where the "range" is a single length of imprisonment. See *People v Payne*, 304 Mich App 667, 672; 850 NW2d 601 (2014), citing MCL 769.34(3) and *People v Wilcox*, 486 Mich 60, 69-70; 781 NW2d 784 (2010). Thus, as in any other instance of imposing a sentence that falls outside the guidelines range, the court needs to adequately explain its rationale for imposing a sentence that exceeds the statutory 25-year minimum.[6]

At sentencing, the trial court stated, "I don't think the sentencing guidelines here even begin to adequately address the seriousness of, of the crime." The trial court additionally noted that defendant committed the crimes in this case shortly after his 2012 release from prison for his 1995 convictions. As such, the trial court stated that defendant was "unredeemable," as well as a "pervert and pedophile and someone who just cannot be trusted or stopped I guess, um, until he's too old to care."

When pronouncing the sentence, the trial court stated:

> I believe the [minimum sentence of 35 years' imprisonment] is justified as representing a reasonable sentence given all the facts and circumstances of this case, especially your prior convictions which, uh, I believe frankly have not been—not had an adequate impact on the sentencing guidelines. It is the fact that you were convicted of multiple criminal sexual conduct against children in the past really just heightens my concern about you, and I believe that a, a prison sentence in excess of the sentencing guidelines is all together [sic] appropriate, reasonable and proportionate given all of the facts and circumstances of this case and your history and your very bleak chances for redemption.

The trial court considered the guidelines and the 25-year mandatory minimum sentence defendant was subject to before imposing defendant's sentence. Specifically, the trial court explained that it was imposing such a sentence because it believed that the sentencing guidelines inadequately weighed the seriousness of defendant's prior convictions and that defendant was unredeemable with no hope of rehabilitation. The trial court was particularly concerned that defendant committed the crimes in this case shortly after his June 2012 release from prison for his prior CSC convictions, in which he also victimized children. This was a wholly proper consideration, as a defendant's potential for rehabilitation or propensity for recidivism is not a factor that is recognized by the sentencing guidelines. *People v Steanhouse*, 313 Mich App 1,

---

[6] We note that the *Payne* Court stated that in order to sentence beyond the 25-year minimum term, a court needed to provide "substantial and compelling" reasons. *Payne*, 304 Mich App at 672. However, after *Payne* was decided, our Supreme Court in *Lockridge*, 498 Mich at 391, ruled that the sentencing guidelines would be advisory and struck down the requirement that a court needed to have a "substantial and compelling" reason to impose an out-of-guidelines sentence. Thus, while a trial court needs to justify its reason for the sentence it imposed, see *Dixon-Bey*, 321 Mich at 525, it need not offer a substantial and compelling reason, see *Lockridge*, 498 Mich at 391.

46; 880 NW2d 297 (2015), rev'd in part on other grounds *Steanhouse II*. Thus, given the seriousness of defendant's 1995 convictions, his lack of rehabilitation, and the trial court's explanation, we hold that the court did not abuse its discretion by imposing a minimum sentence of 35 years.

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel